## TACKETT v. MIDDLETON et al.*
### (No. 578–4397.)

(Commission of Appeals of Texas, Section B. Feb. 10, 1926.)

**1. Municipal corporations ⬅330(1)—Payment for services of architect may be made from current revenues without requiring bids (Const. art. 11, §§ 5, 7; Gainesville City Charter [Sp. Laws 1909, c. 81] art. 2, § 28).**

Employment of architect and others of special technical learning by municipal authorities is not controlled by statutes requiring bids in writing for services or work to be done, and payment for services may be made from current revenues of city, without compliance with Const. art. 11, §§ 5, 7, and Gainesville City Charter, art. 2, § 28.

**2. Municipal corporations ⬅868(1)—Architect's employment to draw plans for school building held valid, though compensation dependent on cost of building under subsequent contract (Gainesville City Charter [Sp. Laws 1909, c. 81] art. 2, § 28).**

Where, at time of employment of architect to draw plans and specifications for schoolhouse, there was on hand $27,000 from which to pay him, derived from sale of bonds, and employment contract was distinct and separate from building contract thereafter made, and his compensation would have been less than $9,000, contract held valid under Gainesville City Charter, art. 2, § 28, requiring appropriation to precede contract, although amount of plaintiff's claim was to be determined by total cost of building.

**3. Judgment ⬅525—Recitation in judgment that defendant admitted allegations to be true not binding on defendant.**

Recitation in judgment that it appeared from admissions of parties that allegations of petition were substantially true held not binding upon defendant who made no such admission.

**4. Pleading ⬅225(1) — Defendant within rights in declining to amend on sustaining of general demurrer.**

On sustaining of general demurrer to crossaction, defendant was not called upon to amend, and was strictly within his rights in declining to do so, thereby divesting trial court of further jurisdiction.

Error to Court of Civil Appeals of Second Supreme Judicial District.

―――

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied March 17, 1926.

Action by W. K. Middleton and others against W. A. Tackett. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (271 S. W. 302), and defendant brings error. Reversed and remanded.

Webb & Webb, of Sherman, for plaintiff in error.

J. T. Adams, J. Ralph Bell, and W. O. Davis, all of Gainesville, for defendants in error.

SHORT, J. The questions presented to us for disposition in this case involve primarily the construction of article 2, section 28, of the Charter of the City of Gainesville (Acts 31st Legislature, Special Laws, p. 501), which reads as follows:

"No contract shall be entered into until an appropriation has been made therefor, not in excess of the amount appropriated and all contracts, whenever practicable, shall be made upon specifications, and no contract shall be binding upon the city unless it has been signed by the mayor and the expense thereof charged to the proper appropriation, and whenever the contract charged to any appropriation equals the amount of said appropriation, no further contracts shall be signed by the mayor."

—and also of sections 5 and 7 of article 11 of the Constitution, which prohibit the creation of a debt by a municipal corporation, unless at the time of its creation a tax be levied to provide a fund to pay the interest and create a sinking fund for the payment of the debt at maturity, as applied to the cross-action of the plaintiff in error, to which a general demurrer was sustained by the trial court, whose action was sustained by the Court of Civil Appeals, the opinion of which court very fully sets out the pleadings of all the parties, and to which we refer to avoid duplication. 271 S. W. 302.

The suit is one by injunction originating in the district court of Cooke county, wherein defendants in error, as plaintiffs, sought to restrain the plaintiff in error from receiving, and certain officers constituting the city government of Gainesville from auditing or allowing, the claim of plaintiff in error for $800 alleged to be due plaintiff in error as balance on certain commissions as architect in remodeling and furnishing a high school building in the city of Gainesville. The injunction having been granted, and the officers of the city of Gainesville having answered and admitted the allegations in the petition, the plaintiff in error, after denying the allegations, filed his cross-bill, alleging, in substance, the city of Gainesville on the 29th of June, 1921, made a written contract with him to prepare final plans and specifications for the erection of a school building which the city then contemplated to construct, and that in accordance with said contract he did prepare these plans and specifications, and in all things complied with his obligation assumed by him therein, which contract was made a part of the petition, and also alleged that he was to receive a commission of 3½ per cent. of the total cost of the building at the time of letting the contract, and a balance of 1½ per cent. of the cost to be paid as the work progressed. He alleged, in substance, that all of this sum had been paid him except $800, but that the city had refused to pay the balance, and he asked judgment for this amount, in this connection alleging that the total cost amounted to $177,500, and also in the same connection alleged that bonds for $150,000 had been voted to supply funds, which, together with other funds then legally at the disposal of the city of Gainesville, were sufficient to pay for the building, and in this connection also alleged that at the time this contract was made with him the city had $27,000 worth of said bonds in the treasury, out of which it was contemplated his commission would be paid. In the alternative, the plaintiff in error alleged in his cross-bill that at the time he made the contract it was understood that any such deficit would be made up by the issuance of warrants drawn against the current funds of the city of Gainesville for that year and against such other funds of the city as were legally subject to transference for such purposes, quoting as authority for such action section 19, art. 9, p. 44, of the charter of the city of Gainesville (Sp. Laws 1909, p. 542), to wit:

"That the city council shall have the power to appropriate any money out of the public funds of the said city necessary to carry out any of the powers granted in this act, and to accomplish the purpose of the provisions hereof."

—and further alleging that the city of Gainesville not only provided funds for the liquidation of said contract, but had actually paid the same out in full liquidation of all said contracts, save and except only the balance due the plaintiff in error, and that the city then had provided and had set aside, and then had on hand, money sufficient to pay said indebtedness, and it was available for that purpose.

[1] We have reached the conclusion, upon an investigation of all the authorities cited by the Court of Civil Appeals and others which we have been able to find applicable to the questions involved that this cross-bill of the plaintiff in error was not subject to a general demurrer, though probably deficient as against some special demurrers which were urged, and especially those demurrers which called in question the failure of the cross-bill to particularize the sources of revenue out of which the debt was contemplated to be paid at the time the contract was made and the condition of the finances of the city of Gainesville, so as to show that the amount of money appropriated by the terms of the contract could have been reasonably contem-

plated as a reasonable charge, and which reasonably could have been met from the resources of the city. The employment of an architect and others of special technical learning by the authorities of a municipality is not controlled by statutes requiring bids in writing for services or work to be done, and the payment of such service so performed by an architect or others of special technical learning may be made out of the current revenues of a city. Hunter v. Whiteaker & Washington (Tex. Civ. App.) 230 S. W. 1096; City of Houston v. Glover, 89 S. W. 425, 40 Tex. Civ. App. 177.

In the case last cited Glover was an architect employed by the city of Houston to prepare plans and specifications for a city hall and market house, but at the time of the employment no special provision was made to pay for his services. Glover did the work, charging therefor $7,400, and, payment having been refused, brought suit and recovered judgment, whereupon the city of Houston appealed the case, and the Court of Civil Appeals of the First District, Justice Pleasants delivering the opinion, sustained the judgment of the trial court, and a writ of error was denied by the Supreme Court. Substantially the same defenses to Glover's demand was set up by the city of Houston as were set up in this case against the demand of the plaintiff in error. The Court of Civil Appeals in the Glover Case uses this language:

"The fees paid the architect for the preparation of plans and specifications may properly be regarded as a part of the general expense of constructing the buildings; but the contract for the payment of such fees may, as in this case, be entirely distinct from the contract for the erection of the building, and its validity in no way depends upon the validity of the building contract. We think both the pleading of plaintiff and the undisputed evidence show that it was the intention of the parties that plaintiff should be paid for his services out of the current revenues of the city, and there was no attempt to create a charge against future revenues, and therefore the article of the Constitution above referred to has no application." McNeal v. City of Waco, 33 S. W. 322, 89 Tex. 83; Corpus Christi v. Woessner, 58 Tex. 462; Smith v. Dickey, 11 S. W. 1049, 74 Tex. 61; Am. & Eng. Ency. Law (2d Ed.) pp. 823–825.

We think this language is entirely applicable to the pleadings of the plaintiff in error viewed in the light of the general demurrer. The contract with the plaintiff in error was dated June 29, 1921. While the bonds to the extent of $150,000 had been voted on February 24, 1921, and $27,000 in cash had been realized from a sale of these bonds at the time the contract was made, and while it is alleged that it was contemplated that 3½ per cent. of the amount due plaintiff in error was to be paid out of the proceeds of these bonds, and in fact were paid out of such proceeds, yet it is further alleged by all the parties in their pleadings that no contract was ever made for the construction of the building until September 1, 1921, thus and thereby establishing the fact that the obligation of the city of Gainesville to the plaintiff in error to pay him for any services he might render had been assumed several months before, and, subject to any defenses which might have arisen on account of the failure of the plaintiff in error to perform services, this obligation was a complete one.

In the case of McNeal v. City of Waco, 33 S. W. 323, 89 Tex. 87, the Supreme Court of Texas, speaking through Justice Denman, uses this language in speaking of the proper construction of sections 5 and 7 of article 11 of our Constitution:

"These constitutional provisions were intended as restraints upon the power of municipal corporations to contract that class of pecuniary liabilities not to be satisfied out of the current revenues, or other funds within their control lawfully applicable thereto, and which would therefore, at the date of the contract, be an unprovided-for liability, and properly included within the general meaning of the word 'debt.' They have no application, however, to that class of pecuniary obligations, in good faith intended to be, and lawfully, payable out of either the current revenues for the year of the contract or any other fund within the immediate control of the corporation. Such obligations being provided for at the time of their creation, so that in the due course of the transactions they are to be satisfied by the provisions made, it would be an unreasonable construction of the Constitution to hold them debts, within its meaning, so as to require the levy of a wholly unnecessary tax upon the citizen. Thus, a warrant drawn against the current revenues of the year for one of the ordinary expenses of the corporation for such year, when all the claims for ordinary expenses for that year do not exceed such revenues, or a contract entered into for the making of any public improvement authorized by law, e. g. the building of a courthouse or jail, and obligating the corporation to pay therefor, there being funds within its immediate control lawfully applicable thereto sufficient, and in good faith contemplated by the contracting parties to be used in payment thereof when due, are not debts, within the meaning of such constitutional provisions requiring the making of provision for the interest and sinking fund. The payment of such claims being lawfully provided for, in such way that their satisfaction in the due course of business is reasonably certain, they are, in legal contemplation, so far satisfied as to be considered as not contemplated by the constitutional provisions, though it may result, from some cause not provided against by the law, such as failure to collect the taxes, robbery, embezzlement, or wrongful diversion of the funds, that they are not paid from the contemplated sources."

[2] It will be seen that the cross-bill of the plaintiff in error alleges that $27,000 was already in the treasury of the city of Gainesville out of which it was contemplat-

ed that he should be paid for his services. He also alleges that the amount due him would have been less than $9,000, as contemplated by the parties. Even if this claim was within the provisions of that portion of the charter first above quoted or the sections of the article of the Constitution above mentioned, these allegations were sufficient as against a general demurrer to state a cause of action in favor of plaintiff in error as against the city of Gainesville. We do not think it at all material the fact the amount of plaintiff's claim was to be determined by the total cost of the building. This was a mere incident of the transaction, and a reasonable one, since the contract also provided that the plaintiff in error should supervise the construction of the building, and provided that his duties should continue until the enterprise had been completed. The evil sought to be provided against by the section of the charter and those of article 11 of the Constitution was not embraced within this provision of the contract, and it is no answer to the contention of the plaintiff in error that he was to be paid out of this $27,000 to state that the parties contemplated he was only to get five per cent. of it, for the reason that this statement is not literally true. Clearly it was within the contemplation of the parties that the compensation of the plaintiff in error should be measured by the total cost of the building. The contract for the payment of his services was in fact entirely distinct from the contract for the repair of the building, and the validity of the contract made by the plaintiff in error in no way depended upon the validity of the building or repairing contract. The contract for the plans and specifications prepared by the plaintiff in error was separate and distinct from any contract that might thereafter be made for the repair of the dwelling house and constructing it into a schoolhouse, and its validity is not affected by the fact that the cost of the proposed repair was in excess of $150,000, less the discount of the bonds, and also less the 5 per cent. of the total cost of the building.

[3, 4] In reaching the conclusion that the trial court sustained a general demurrer to the cross-action of the plaintiff in error, notwithstanding there were many special exceptions leveled at it by the opposing parties, we have been confirmed therein by the statement in the opinion of the Court of Civil Appeals that the trial court sustained the exception of the city of Gainesville and the recitation in the judgment to the effect said exceptions should be sustained and that said cross-action showed no valid cause of action against the city of Gainesville. However, the defendants in error insist that the plaintiff in error is precluded by another recitation in the judgment to the effect that the plaintiff in error stated he did not desire to amend, and, further, that it appeared from the admissions of the parties and the pleadings that the allegations in the petition are substantially true, claiming that the plaintiff in error declined to amend, but admitted the allegations in the original petition of the original plaintiffs to be true. If the court sustained a general demurrer to the cross-action, this was tantamount to a dismissal of the cause of action attempted to be set up on account of the opinion of the court that the same was subject to general demurrer, and the plaintiff in error was not called upon to amend, but was strictly within his rights in stating to the court that he declined to do so, thus and thereby divesting the trial court of any further jurisdiction, and investing the Court of Civil Appeals with jurisdiction by thus entering a final judgment on the pleadings. The record clearly shows that the plaintiff in error did not admit the allegations of the petition for injunction to be substantially true, but the contrary appears affirmatively; wherefore we are of the opinion this particular recitation in the judgment is not binding upon him.

We think that this case ought to be ruled by the decision in the case of City of Houston v. Glover, and therefore recommend that the judgment of the Court of Civil Appeals affirming the judgment of the district court be reversed and the case remanded for trial not inconsistent with this opinion.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.