## COCHRAN COUNTY v. WEST AUDIT CO.* et al. (No. 2973.)

Court of Civil Appeals of Texas. Amarillo. Feb. 29, 1928.

Rehearing Denied March 21, 1928.

*Writ of error refused.

Bean & Klett, of Lubbock, for appellant.

Lockhart & Garrard, F. D. Brown, Wilson & Randal, and J. I. Kilpatrick, all of Lubbock, for appellees.

JACKSON, J. This suit was instituted in the district court of Lubbock county, Tex., by the plaintiff, West Audit Company, a corporation, against the First National Bank of Lubbock, Tex., defendant.

Plaintiff alleges that the defendant is a banking corporation and is the depository of and has in its possession funds and money belonging to Cochran county, and as such depository is bound and obligated to pay out of such funds the checks and vouchers drawn thereon by the county treasurer of said county; that about November 19, 1926, Cochran county issued five warrants or vouchers of said county, against the general fund thereof, payable to plaintiff, each in the sum of $1,000; that after said warrants were issued and delivered, they were surrendered to the county treasurer, who canceled them and issued to plaintiff, in lieu thereof, five checks dated November 19, 1926, drawn on the defendant bank, and payable out of the general funds of the county; that on the date of the issuance and delivery of said checks, the defendant did not have sufficient funds of the county to pay said checks, and plaintiff held them until there were funds in said depository sufficient to pay the checks or a part thereof; that on February 24, 1927, the defendant had on hand to the credit of the general fund of the county a sufficient sum to pay $2,000, and on said date the plaintiff presented checks Nos. 776 and 777 for payment, which were refused; that said bank, as depository, has on hand a sufficient sum to the credit of the county to pay all of said checks, and its refusal to pay the checks presented was without authority, and plaintiff is entitled and sues for a writ of mandamus compelling said defendant to pay all of said checks, or so many thereof as the fund it holds, as depository, will satisfy and discharge.

The defendant bank answered, admitting that it was and is the depository of Cochran county, but says that on or about November 26, 1926, the county treasurer of Cochran county instructed it not to pay said checks; that at the time of their presentation for payment, it had, as depository of Cochran county, the sum of $1,421.51, which was insufficient to pay the checks presented; that at the time of answering, it had on hand as depository of said county the sum of $1,442.26; that it has no interest in this suit, holds the money as depository or stakeholder, and tenders into court the money it has, less reasonable attorney's fees claimed for answering in this suit, which it alleges to be $500. The bank alleges that both plaintiff and Cochran county, acting through its treasurer, Mrs. Addie Spickard, are claiming the funds held by it as depository of Cochran county, and it impleads both Cochran county and its treasurer, and asks for its attorney's fees.

Cochran county answered:

That it was the owner of the money held by the bank, as its depository, and that said sum is a part of its general fund and neither the bank nor the plaintiff have any right thereto, or any part thereof. That the five checks sued on by plaintiff, each in the sum of $1,000 issued by the treasurer of the county, were, at the date of the issuance thereof, and still are, void and unenforceable. That on October 11, 1926, the commissioners' court of Cochran county, without complying with articles 1641 and 2368 of R. C. S. 1925, entered on its minutes an order reading:

"Motion by Commissioner Shipman and seconded by Commissioner Bennett that we get West and West to audit the county books. Motion carried."

The county then sets out an order of November 19th, allowing appellee's account for $10,000, and an order of November 22d, rescinding the allowance of said account. That on November 23, 1926, the commissioners' court passed and entered upon its minutes an order which reads:

"Be it ordered by said court that the contract of West Auditing Company be hereby entered into the minutes of said court and be as follows:

"The State of Texas, County of Cochran;

"Whereas, the County of Cochran, State of Texas, acting by and through its duly· elected, qualified and sworn Commissioners' Court, desires a general audit of all of the financial business affairs of said county and of the various offices therein during the period covered by this contract; and

"Whereas, West Audit Company, a corporation, of Abilene, Texas, has made a proposition ·to said county to conduct said audit from time to time during the term of this contract as hereinafter set out:

"Now, Therefore, said County of Cochran, State of Texas, acting through said Commissioners' Court, first party, and said West Audit Company, second party, have this day entered into the following contract:

"Said first party does hereby employ said second party to make said audits annually during the period of this contract and said second party does hereby agree to make said audits in a careful pains-taking manner, furnishing to first party a complete and detailed statement of the result of such audits, said auditing to be begun on or about the first day of November.

"The term of this contract shall include the years 1924, 1925, 1926, 1927, and 1928, and the first part of same shall be begun on or about November 1st, 1926, and shall cover the period from the date of the organization of Cochran County to and including October 31st, 1926. The verification of records of the succeeding years to be begun on November 1st of each year beginning 1927, or as near that date as is ·practicable and to be completed as rapidly as is consistent with thorough and accurate auditing.

"As compensation for said work first party agrees to pay to second party at the rate of twenty-five dollars per day of each senior accountant who shall be employed by second party therefor, and at the rate of fifteen dollars per day for each junior accountant who shall so be employed, said second party to employ not exceeding two senior accountants in said work, the number to be so employed to be determined by second party. The said second party to employ not exceeding two junior accountants. And in addition to such compensation, first party is to pay the expense of each of said accountants while actually employed in said work.

"Executed in duplicate, each copy to be original, this the 8th day of November, 1926. County of Cochran, Texas, by J. D. Caldwell, County Judge, G. H. Mathews, Commissioner, Pre. 1, ———, Commissioner, Pre. 2, W. A. Herridge, Commissioner, Pre. 3, Lem Shipmen, Commissioner, Pre. 4. (First Party.) West Audit Company, by M. E. West. (Second Party.)

"Motion made by Commissioner Shipmen and seconded by Commissioner Mathews, to allow account filed by West Audit Company in amount of $10,000.00 for auditing County records to November 1, 1926, same being in the denomination of $1,000.00 each, and being dated November 19th, 1926."

That on December 20th thereafter, the commissioners' court passed and entered on the minutes of the court the following order:

"Whereas, there is doubt as to the final settlement of the claim of the West Audit Company and the issuance of the warrants and checks by the officers of the county therefor; therefore, it is the judgment of the court that certain outstanding checks of the county treasurer should be held up and not paid at this time, and the county treasurer is hereby instructed to have the ·bank to stop payment of said checks pending further orders of this court."

The county alleges that on November 19, 1926, the commissioners' court and plaintiff caused ten warrants of $1,000 each, numbered from 1215 to 1224, inclusive to be issued by the county clerk of Cochran county, payable to plaintiff, and on the same date, the plaintiff presented to the treasurer of the county five of such warrants, numbered 1215 to 1219, inclusive, and the treasurer issued and delivered to plaintiff the five checks sued .on; that while said orders and the account of plaintiff purport to show that plaintiff had been engaged to audit the books of Cochran county and make a report thereof, in truth and in fact, no such report and order had been made and delivered, and that the checks sued on and the warrants upon which they were issued and warrants' numbered 1220 to 1224, inclusive, now in the possession of plaintiff, and the purported contract between Cochran county and plaintiff, are all void and of no effect, because said warrants and checks were issued without consideration, in that, at the time of their issuance, plaintiff had not and has not to this date performed the services for said warrants and checks; that the commissioners' court was without authority to allow the account as presented until the service had been performed; that if it is mistaken as to its plea of failure of consideration, then it says that the checks and the warrants upon which they are based are void, because issued on the representation of plaintiff that it would, within a reasonable time audit the books of Cochran county, to and including December 31, 1926, which it has failed and refused to do; that the $10,-000 purported to be allowed for the services of plaintiff in auditing the books of the county is out of proportion to the value of the services rendered, is unconscionable, and a fraud upon the taxpayers and the county, which was sparsely populated, as the reasonable value of the services contemplated in the contract could not have exceeded $1,200; that said checks and warrants are void because the purported contract was not entered into in compliance with the provisions of articles 1641 and 2368, R. C. S. 1925; there was no resolution in writing reciting the reasons and necessity for such audit presented at any regular or·called session of the court, and permitted to lie over until the next regular term, nor any publication in any newspaper or any posting of such notice, as required by law; that the contract was not let by competitive bidding, no bond was required to guarantee the performance of the contract, and no advertisement as required by law; that at the time the checks sued on were issued and delivered, there were no funds in the de-

pository of Cochran county sufficient to pay said checks; that said checks and warrants are and were void from their inception and issuance, because they created a debt payable in the future, without any provision having been made at the time of their issuance for the levy and collection of a sufficient tax to pay the interest and create a sinking fund to discharge them at maturity, and it was contemplated by the parties that the indebtedness evidenced by such checks and warrants would be paid from the fund of future years or from money to be borrowed by the sale or refunding of said warrants.

The county asked for a temporary injunction, restraining the plaintiff from disposing of the checks and warrants during the pendency of the suit; that neither the plaintiff nor the defendant bank be allowed to recover; and that it have judgment against the bank for $1,517.68, and that a decree be entered canceling the checks sued on and all the warrants outstanding in the hands of the plaintiff.

In reply to the pleadings of Cochran county, the plaintiff answered by general and special exceptions, general denial, and pleaded that if it should be held that the checks sued on and the warrants mentioned were, for any reason void, then Cochran county, acting through its commissioners' court, entered into a contract with it in good faith, for auditing its books, and about October 31st it began the services contemplated in the contract, and diligently performed such services; that the contract was one that the court had the power to make and was made for a lawful purpose; that the county accepted the services of the plaintiff in the performance of the contract and received the benefit of such services, by reason of which the county should, in good conscience and equity, be required to pay the reasonable value of the services rendered, which plaintiff alleges was $10,000; that the plaintiff was permitted to perform the labor and incur the expense contemplated, and an implied contract arose, binding the county to pay the reasonable value of the services; that if, for any reason, the contract is invalid, the same was executed by the commissioners and county judge with full knowledge of its invalidity, and by permitting the plaintiff to perform the contract the county thereby ratified the same and is estopped from asserting its invalidity as a defense; that after performing a part of the services contemplated by the contract, at the special instance and request of the commissioners' court of the county, the plaintiff presented its claim for services rendered, and to be rendered, with the express understanding that the commissioners' court had made arrangements with W. J. Haun & Co. to finance the general fund of the county for 1926, and that the warrants so issued would be taken up and the money paid into the county treasury, and then to plaintiff, upon the completion of the contract, or so much of said amount as the plaintiff would be entitled to receive for the services rendered; that it was understood that after the warrants had been sold and the money secured, that the county was to pay to the plaintiff so much of the money as would be sufficient to pay the amount due plaintiff under the contract; that the claim held by plaintiff against the company was audited, passed on, and approved by the commissioners' court, the warrants issued in satisfaction thereof, and the plaintiff was instructed to surrender said warrants and accept the five checks sued on, which it did.

In response to special issues submitted by the court, the jury found in effect that the West Audit Company performed the services contracted to be performed in the audit of the books and accounts of Cochran county, and that the fair, just, and reasonable value of the services so performed was $5,000.

On this verdict, judgment was rendered in favor of the plaintiff against the First National Bank of Lubbock for the sum of $1,342.68, and against Cochran county for the sum of $3,657.32, with interest on said amounts from date at the rate of 6 per cent. per annum, from which judgment Cochran county appeals.

■ The appellant challenges as error the action of the court in rendering judgment for appellee, because no resolution in writing stating the reasons and necessity for an audit was presented to the court and permitted to lie over until the next regular term; no notice of such resolution was published or posted as required by article 1641, R. C. S. 1925; notice of the time and place when and where the contract would be let was not advertised; and such contract was not submitted to competitive bidding, as required by article 2368, R. C. S.

Article 1641 provides that the resolution may be presented in writing, but shall lie over until the next regular term. Article 2348 provides that the regular term of the commissioners' court shall be held on the second Monday in each month, or that it may be held quarterly.

The record discloses that the commissioners' court met in regular session on September 13, 1926; that it met on October 11, 1926, which was the second Monday of that month, and passed an order for the employment of appellee to audit the books. The contract of employment was passed on November 23, 1926, at a special session, but is dated as of November 8, 1926, which was the second Monday in November. Hence, in our opinion, the record shows that the order passed October 11th, for the employment of appellee, did lie over until after the next regular term of the court, which met November 8th.

■■ An analysis of the provisions of articles 1641 and 2368 discloses so many conflicts

in the provisions of the articles that in our opinion article 1641 does not refer to article 2368; article 1641, being a special article relative to the employment of auditors, would control rather than article 2368. Under article 1646a, we are inclined to the view that the commissioners' court of Cochran county would be authorized to employ an auditor without a rigid compliance with article 1641. However, if article 1641 refers to article 2368, it would not follow that this contract is void, as it provides for payment for the services of the auditors at so much per day, and a competent auditor possesses special skill and technical learning.

Contracts by municipalities for services requiring special skill or technical learning are not controlled by statutes requiring the letting of such contracts by competitive bids. W. A. Tackett v. W. K. Middleton (Tex. Com. App.) 280 S. W. 563, and 44 A. L. R. 1143, and annotations thereunder, 1150.

■ This record does not disclose affirmatively whether the trial court held the contract valid or invalid, as the recovery allowed was on appellee's plea of quantum meruit. Clearly the commissioners' court had the power to employ auditors to make an audit of the books and accounts of the county, and the irregularities in the procedure by which this contract was made are not such as to defeat appellee's recovery on a quantum meruit.

When the bill for the services was presented, no objection was made to the competency of the auditors or to the completeness or correctness of the audit. The only controversy was over the amount of appellee's claim. Boesen v. County of Potter (Tex. Civ. App.) 173 S. W. 462; City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763; City of Denison v. Foster (Tex. Civ. App.) 28 S. W. 1052; Brand v. the City of San Antonio (Tex. Civ. App.) 37 S. W. 340; Berlin Iron-Bridge Co. v. City of San Antonio (Tex. Civ. App.) 50 S. W. 408; Wagner et al. v. Porter (Tex. Civ. App.) 56 S. W. 560; City of Dallas v. Martyn, 29 Tex. Civ. App. 201, 68 S. W. 710.

■ Appellant assails as error the action of the trial court in entering judgment in favor of appellee, because at the time the debt was incurred no provision was made for levying and collecting a sufficient tax to pay the interest and provide a sinking fund to pay such debt, and there was no reasonable contemplation that it could be satisfied out of the current revenue for the year, or any fund then within the immediate control of the county. The checks upon which this suit is based are dated October 19, 1926, drawn upon the First National Bank of Lubbock, Tex., the depository of the county, and made payable to appellee. These checks were given to take up and discharge five warrants theretofore issued by the clerk to the appellee on order of the commissioners' court, and both

warrants and checks, as disclosed upon their face, are payable out of the general fund on presentation.

On November 26, 1926, the treasurer wrote the depository, in effect, not to pay appellee's checks until notified to do so, as appellee had promised to hold them until the county notified it that the money was in the depository. On November 29, the treasurer wrote the depository substantially that in her letter of November 26th, she only meant to advise that payment on the checks was to be stopped until the money had been sent to take them up; that the county would probably get a delivery order on that day; and as soon as it was disposed of, the money would be sent to the depository to take up the $5,000 of the West Audit Company's checks.

On December 20th, the commissioners' court passed an order to the effect that the checks should not be paid at that time on account of some doubt as to the final settlement, and the county treasurer was instructed to have the bank stop payment until further orders of the court.

The record discloses, in an order of the commissioners' court, that the county had a contract with W. G. Haun & Co. of Wichita, Kan., to the effect that said company would take up the script or vouchers issued against the general fund of the county to the extent of $20,000. A proper order had been entered for levying and collecting a sufficient tax to pay the funding warrants issued to Haun & Co., and the validity of this arrangement is not questioned, and appears to have been carried out.

The county clerk testified:

"Page 259 of the Minutes of the Commissioners' Court covered the order of August 14th, 1926. $20,000 worth of warrants were ordered issued in that order. There was $675.34 worth of script ordered taken up on that day and set out in that order. On September 13th, 1926, there was $8,272.30 worth of script taken up and listed in the order of that date, as per the order of August 14th. On the 10th day of September, 1926, there was $1,246.72 taken up in that order. On the 21st day of October, there was $2,178.39 taken up, script taken up, in compliance with the order of August 14th. The total of the script taken up under date of December 13th, which included warrants dated prior to Nov. 8th, amounted to $4,406.09. The following warrants were taken up prior to Nov. 8th, in that order: Oct. 21, $50.00; Oct. 21, $50.00; Oct. 21, $50.00; Oct. 21, $50.00; Nov. 1, $75.00; Nov. 1, $50.00; Nov. 1, $83.13; Nov. 1, $75.00; Nov. 1, $150.00; Nov. 1, $125.00; Nov. 1, $166.66; Nov. 1, $150.00; Oct. 13, $12.05; Oct. 23rd, $50.00; Oct. 23rd, $2.32; Oct. 23rd, $50.00; Nov. 5th, $1,500.00. I have not figured up to see how much of the $20,000 had been taken up on November 8th. I do not know how much of the four cents out of the twenty-five cents that had been levied, had been appropriated. It was still unappropriated for that year. This $20,000 went to take up current expenses."

The total valuation of the property subject to taxation in Cochran county was $4,895,-744.00; 4 cents of the 25-cent limit had not been appropriated, and 4 cents on the $100 valuation on said amount is $1,958.297. This, with the unappropriated balance of the funds in the hands of Haun & Co., at the date of the contract, was sufficient to pay the appellee for auditing the books.

Mr. West testified, without contradiction, that the trade was a cash transaction, and the intention and understanding, at the time of the contract, was that the payment should be made out of the current funds of 1926.

There are numerous other circumstances in the record tending to show that the intention of the parties was to pay for the auditing out of the current funds of 1926; but in our opinion the above is sufficient to warrant the conclusion that payment was to be made out of such funds, and that, in the reasonable contemplation of the parties, there were sufficient funds within the immediate control of the county to discharge the indebtedness. McNeal v. City of Waco, 89 Tex. 83, 33 S. W. 322; Austin Bros. v. Patton (Tex. Com. App.) 288 S. W. 182; Colonial Trust Co. v. Hill County (Tex. Com. App.) 294 S. W. 516; Grimes Co. v. Slayton & Co. (Tex. Civ. App.) 262 S. W. 209; Bridgers v. City of Lampasas (Tex. Civ. App.) 249 S. W. 1083; City of Aransas Pass v. Eureka Fire Hose Co. (Tex. Civ. App.) 227 S. W. 330; City of Houston v. Glover, 40 Tex. Civ. App. 177, 89 S. W. 425; Foard County v. Sandifer, 105 Tex. 420, 151 S. W. 523; Powell, Garard & Co. v. Erath County, Tex. (C. C. A.) 274 F. 305; City of Corpus Christi v. Woessner, 58 Tex. 462.

█ █ The fact that the checks were not paid out of the current funds available therefor, in the year 1926, does not affect appellee's right to recover. Winston v. City of Fort Worth (Tex. Civ. App.) 47 S. W. 740. Nor, in our opinion would the excessive estimate, at the time of the contract, made as the probable cost of the services and the issuance of warrants therefor, which were never presented, paid or liquidated, defeat appellee's recovery of the reasonable value of said services, which the jury found to be $5,000. Nolan County v. State, 83 Tex. 201, 17 S. W. 823; Noel Young Bond & Stock Co. v. Mitchell County, 21 Tex. Civ. App. 638, 54 S. W. 284; Cass County v. Wilbarger County, 25 Tex. Civ. App. 52, 60 S. W. 988.

No question of fraud was submitted to the jury and none requested, and in view of the judgment and the testimony in the record, we must assume there was no fraud, and that the appellant and appellee acted in good faith in making the contract.

█ The appellant assigns as error the action of the trial court in excluding the testimony of P. L. Thacker to the effect that during the year 1927 the commissioners' court of Cochran county had caused an audit of its books and records to be made covering the time from the organization of the county to January 1, 1927, for the sum of $1,836.

The appellant did not offer to show the ability, learning, experience, or standing of the party that he sought to prove had made the audit for $1,836 nor that such audit was full, complete, and correct. Neither did it offer to show the usual and customary charges of auditors for such services. "What is reasonable compensation for labor is not determined by what some one man may be willing to take for like labor, but by what the general rule may be as to charges for such labor among members of the certain craft, occupation, or profession." Cooper v. Gordon (Tex. Civ. App.) 23 S. W. 608.

In addition to this, the witness Bond testified, in effect that the commissioners' court had had an audit made at one-fifth of the cost of the audit made by appellee.

█ Appellant's assignment assailing as erroneous the submission of special issue No. 2, because it assumes that appellee performed the services, is not tenable. The issue reads: "What sum, if any, do you find is a fair, just and reasonable fee for the services performed, if any, by West Auditing Company?" This issue clearly leaves the jury to determine whether or not the services had been performed.

In our opinion, the testimony is amply sufficient to support the findings of the jury, and the assignments presenting the insufficiency of the evidence are not tenable.

█ The appellant assigns as error the action of the court in failing and refusing to cancel warrants Nos. 1220 to 1224, inclusive, because the jury having found that the reasonable worth of appellee's services was $5,000, and as said warrants were still in appellee's possession and not tendered into court, should have been canceled. This assignment, we think, should be sustained, and the judgment of the court will here be reformed, to cancel and annul said five warrants Nos. 1220 to 1224, inclusive, and, as so reformed, is affirmed.