

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 13, 1939

Hon. John W. Moore
County Attorney
Jack County
Jacksboro, Texas

Opinion No. O-904

Re: Would a special auditor be compen-
sated by a contract entered into by
the commissioners' court payable
monthly or for the term of the con-
tract? What authority does a special
auditor have?

Dear Sir:

Your request for an opinion on the questions as are herein
stated has been received by this office.

Your letter reads in part as follows:

"1. Does the Commissioners Court of a county of
less than 25,000 population according to the last Federal
census have the authority to employ a special auditor for
the purposes specified in Articles 1645, 1646 and 1646a with-
out the approval and permission of the District Judge, and
could said employment be for a period of time rather than
a contract for a specific audit of one or all departments?

"2. If your answer and opinion to the above is in the
affirmative, would such special auditor be compensated by
a contract entered into by Commissioners Court payable
monthly or for the term of the contract, and

"3. What authority would be conferred on a special
auditor employed in this manner?"

Article 1641, Revised Civil Statutes, reads as follows:

"Any commissioners court, when in its judgment an
imperative public necessity exists therefor, shall have au-
thority to employ a disinterested, competent and expert pub-
lic accountant to audit all or any part of the books, records,
or accounts of the county; or of any district, county or pre-
cinct officers, agents or employees, including auditors of
the counties, and all governmental units of the county, hos-

pitals, farms, and other institutions of the county kept
and maintained at public expense, as well as for all mat-
ters relating to or affecting the fiscal affairs of the county.
The resolution providing for such audit shall recite the
reasons and necessity existing therefor such as that in
the judgment of said court there exists official misconduct,
willful omission or negligence in records and reports, mis-
application, conversion or retention of public funds, failure
in keeping accounts, making reports and accounting for pub-
lic funds by any officer, agent or employee of the district,
county or precinct, including depositories, hospitals, and
other public institutions maintained for the public benefit,
and at public expense; or that in the judgment of the court,
it is necessary that it have the information sought to en-
able it to determine and fix proper appropriation and ex-
penditure of public moneys, and to ascertain and fix a just
and proper tax levy. The said resolution may be presented
in writing at any regular or called session of the commis-
sioners court, but shall lie over to the next regular term of
said court, and shall be published in one issue of a newspaper
of general circulation published in the county; provided if
there be no such newspaper published in the county, then no-
tice thereof shall be posted in three public places in said
county, one of which shall be at the court house door, for at
least ten days prior to its adoption. At such next regular
term said resolution shall be adopted by a majority vote of
the four commissioners of the court and approved by the
county judge. Any contract entered into by said commis-
sioners court for the audit provided herein shall be made in
accordance with the statutes applicable to the letting of con-
tracts by said court, payment for which may be made out of
the public funds of the county in accordance with said statutes.
The authority conferred on county auditors contained in this
title as well as other provisions of statutes relating to dis-
trict, county and precinct finances and accounts thereof shall
be held subordinate to the powers given herein to the commis-
sioners' court."

Article 1646a, Revised Civil Statutes, reads as follows:

"The commissioners' court of any county under twenty-
five thousand population according to the last United States
census may make an arrangement or agreement with one or
more other counties whereby all counties, parties to the ar-
rangement or agreement, may jointly employ and compensate

a special auditor or auditors for the purposes specified
in Articles 1645 and 1646. The county commissioners'
Court of every county affected by this article may have
an audit made of all the books of the county, or any of
them, at any time they may desire whether such arrange-
ments can be made with other counties or not; provided
the district judge or grand jury may order said audit if
either so desires."

It will be necessary to review the history of Article 1641 and
Article 1646a to arrive at a clear understanding of these articles. By
Chapter 80, Acts of the Regular Session of the 38th Legislature, Articles
1459a and 1459b were added to the Revised Civil Statutes of 1911. These
articles were brought forward in the Revised Civil Statutes of 1925 as
Article 1641.

At Chapter 67, Acts of the Regular Session of the 39th Legis-
lature, Article 1459c was added to the Revised Civil Statutes of 1911.
This article reads as follows:

"The commissioners' court of any county under twenty-
five thousand population, according to the last United States
census may make an arrangement or agreement with one or
more other counties whereby all counties, parties to the ar-
rangement or agreement may jointly employ and compensate
a special auditor or auditors for the purpose specified in
Articles 1459a and 1459b. The county commissioners' court
of every county effected by this article may have an audit
made of all of the books of the county or any of them at any
time they may desire, whether such arrangement can be made
with other counties or not; provided the district judge of grand
jury may order said audits if either so desires."

This article has been brought forward as Article 1646a, Re-
vised Civil Statutes. This article now provides that " . . . may jointly em-
ploy and compensate a special auditor or auditors for the purpose specified
in Articles 1645 and 1646." This is, no doubt, an erroneous reference as
to article numbers, for in the original article 1459c of the Revised Civil
Statutes of 1911, it was provided that " . . . may jointly employ and com-
pensate a special auditor or auditors for the purposes specified in Articles
1459a and 1459b, "which articles compose the present article 1641. This
being true, therefore Article 1646a of our present statutes should provide
that the commissioners' court " .. . may jointly employ and compensate a
special auditor or auditors for the purposes specified in Article 1641."

It can be seen that Articles 1641 and 1646a, supra, deal with the right of the commissioners' court to provide for and audit by an accountant or a special auditor.

Judge Jackson of the Amarillo Court of Civil Appeals in the case of Cochran County vs. West Audit Company, 10 SW 2nd 229, expressed the opinion that Article 1646a must be construed as a liberalization statute. The court says:

> "Under Article 1646a, we are inclined to the view that the commissioners' court of Cochran County would be authorized to employ an auditor without a rigid compliance with Article 1641."

In opinion No. O-96, written by Hon. Lloyd Armstrong, Assistant Attorney General, addressed to W. B. Lane, County Auditor, Carrizo Springs, Texas, this department held that a commissioners' court of a county of less than twenty-five thousand population, according to the last United States Federal census, has the authority to employ special auditor or auditors without obtaining the approval or permission of the district judge.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the commissioners' court of a county of less than twenty-five thousand population, according to the last United States Federal Census, has the authority to employ a special auditor or auditors without obtaining the approval or permission of the district judge. The contract should be for a specific audit of one or all the matters as set forth in Article 1641, supra, rather than a contract of employment for a period of time. The special auditor would have such authority as would be conferred by the contract between the commissioners' court and such auditor. The special auditor should be compensated by contract entered into by the commissioners' court payable for the term of the contract.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        /s/ Ardell Williams
                    Assistant

AW:AW:da
APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY RWF, CHAIRMAN