THE ATTORNEY GENERAL,
OF TEXAS
AUSTIN 11, TEXAS



**GERALD C. MANN**
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL.

January 20, 1939

Mr. Van Haile McFarland　　　　　　Opinion No. O-88
County Attorney
Maverick County　　　　　　　　　　Re: Power of Commissioners Court
Eagle Pass, Texas　　　　　　　　　　　　to provide for auditor

Dear Sir:

　　　　Your letter of January 12, 1939, requests an opinion from
this Department on the following questions:

　　　　"1. Has the Commissioners Court the power to enter an
order at the present time providing for periodical audits to be made through-
out the year, either monthly or quarterly, specifying who shall make the
audit, and what his compensation shall be?

　　　　"2. If the court enters an order at the present time specifying
for periodical audits throughout the year, and naming the person to make
the audit and prescribing his compensation, is it, by so doing, circumvent-
ing and violating the provisions of Article 1646 wherein it is contemplated
that the regular auditor shall be appointed by the District Judge?

　　　　"3. If the court enters an order at the present time providing
for periodic audits throughout the year and naming the person to make the
audit and prescribing his compensation, does the person so named become
a county auditor in such a way as to require him to comply with the provi-
sions of Article 1648 as to qualifications? With Article 1649, as to bond
and oath?"

　　　　Articles 1645, 1646, 1647, 1648 and 1649, and the remaining
articles in such chapter, deal with the regular County Auditor, whereas
Articles 1641 and 1646a of the Revised Civil Statutes of Texas deal with
the appointment of an accountant or <u>special auditor.</u>

　　　　To arrive at a clear understanding of Articles 1641 and 1646a,
it will be necessary to review the history of such articles. By Chapter
80, Acts of the Regular Session of the 38th Legislature, Articles 1459a and
1459b were added to the Revised Civil Statutes of 1911. These articles
were brought forward in the Revised Civil Statutes of 1925 as Article 1641.

By Chapter 67, Acts of the Regular Session of the 39th Legislature, Article 1459c was added to the Revised Civil Statutes of 1911. This Article reads as follows:

"The Commissioners' Court of any county under 25,000 population according to the last United States census may make an arrangement or agreement with one or more other counties whereby all counties, parties to the arrangement or agreement, may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1459a and 1459b. The County Commissioners' Court of every county affected by this article may have an audit made of all of the books of the county or any of them at any time they may desire, whether such arrangements can be made with other counties or not; provided the District Judge or Grand Jury may order said audit if either so desires."

This article has been brought forward as Article 1646a. It now provides that: " * * * may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1645 and 1646." This is no doubt an erroneous reference as to article number, for in the original Article 1459c of the R. C. S. of 1911, it was provided that: " * * * may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1459a and 1459b, which Articles compose the present Article 1641. This being true, Article 1646a of our present statutes should provide that the Commissioners Court "may jointly employ and compensate a special auditor or auditors for the purposes specified in Article 1641."

Article 1641 of the R. C. S. of 1925 provides the means by which the commissioners' court of a county may hire a disinterested expert public accountant to audit its books, and provides among other things that the Commissioners Court shall pass a resolution to such effect and permit the same to lie over until the next term of the court before final action is had thereof, and provides for the publication of such resolution in a newspaper of general circulation, or in the event there is no newspaper in the county, to post such notice in accordance with the terms and provisions of such Article. Thus it can be seen that Articles 1641 and 1646a of the R. C. S. of 1925 deal with the right of the commissioners' court to provide for an audit by an accountant or a special auditor.

Bearing in mind that the present Article 1641, composed as it is, of Articles 1459a and 1459b of the R.C.S. of 1911, was passed by the 38th Legislature at its regular session, and the present Article 1646a, formerly Art. 1459c of the R.C.S. of 1911, was passed by the Regular Session of the 39th Legislature, it is logical to assume that such Article 1646a must be construed as a liberalization statute; that is, it is construed as

liberalizing the terms and provisions of Article 1641.

This opinion is borne out by Judge Jackson of the Amarillo Court of Civil Appeals in the case of Cochran County v. West Audit Co., reported in 10 S. W. (2d) 229. The court says:

"Under Article 1646a we are inclined to the view that the Commissioners' Court of Cochran County would be authorized to employ an auditor without a rigid compliance with Article 1641."

The writer is led to the opinion that the Legislature in the passage of Art. 1646a had no desire to repeal Art. 1641, or any part thereof, but rather to liberalize the compliance with Art. 1641, if events and circumstances justify the Commissioners' Court in acting in such a manner as to dispense with the strict requirements of Art. 1641. In other words, if, in the judgment of the Commissioners' Court, an imperative public necessity exists, the court is authorized to hire an accountant or special auditor for the purpose of adequately protecting the public interests.

It is fundamental that a Commissioners Court is a court of limited jurisdiction, deriving its powers from the Constitution and the laws made pursuant thereto. In view of the fact that Art. 1641 of the R.C.S. of 1925 does not provide for nor gives the Commissioners Court the express authority to enter into a contract with an accountant or special auditor, except for the fulfillment of a specific purpose, it would not have the authority to enter into a contract providing for periodic audits to be made throughout the year.

Having answered your first question in the negative, it becomes unnecessary to answer the second and third questions asked by you.

If an accountant or special auditor is named by the Commissioners' Court under the authority of Articles 1641 and 1646a, it will not be necessary for him to comply with the provisions of Articles 1648 and 1649. Neither is it necessary that he be a resident of the county in which he is to be appointed.

Trusting that this satisfactorily answers your inquiry, I am

LA:MR:da         Very truly yours
APPROVED
/s/ Gerald C. Mann      ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong, Assistant