

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

Hon. Clifton H. Morris, Chairman
State Board of Public Accountancy
Fair Building
Fort Worth, Texas

Opinion No. O-2237
Re: Necessity of counties, municipal corporations and other public bodies submitting contracts for services of professional public accountants to competitive bids.

Dear Sir:

This will acknowledge receipt of your letter of April 16, 1940, requesting the opinion of this department upon the above stated question. We also acknowledge our appreciation of your accompanying brief.

Your two questions are as follows:

"(1) Under the laws of Texas is it obligatory for the officials of a County, City, School District, Road District, Water Improvement District, or any legally constituted public body, to take bids on services to be rendered by professional public accountants, or

"(2) Is the engagement of professional public accountants by officials of the bodies named left to their discretion?"

Prior to its repeal in 1931, Article 2368 of the Revised Civil Statutes, 1925, read, in part, as follows:

"No commissioners' court shall make a contract calling for or requiring the expenditure or payment of two thousand dollars or more out of any fund or funds of any county or subdivision of any county, without first submitting such proposed contract to competitive bids. ***"

Although the statute contained no such exception, the rule became well established in Texas that the statute did not apply or control the discretion of the commissioners' court in contracting for professional and other services requiring

special skill or technical learning. Thus it was held in
Gibson vs. Davis (C.C.A. 1921), 236 S.W. 202, and Caldwell
vs. Crosser (C.C.A. 1928), 20 S.W.(2d) 822, writ refused,
not to apply to the employment of attorneys; in Roper vs.
Hall (C.C.A. 1925), 280 S.W. 289, not to apply to a tax ex-
pert; in Stephens County vs. J. N. McCammon, Inc., 122 Tex.
148, 52 S.W. (2d) 53, not to apply to the services of an
architect. In Cochran County vs. West Audit Co., (C.C.A.
1928), 10 S.W. (2d) 229, writ refused, it was expressly held
that the employment of auditors by the county was not to be
governed by the provisions of Article 2368 of the Revised
Civil Statutes, because special skill and technical learning
was required.

As stated in Gulf Bitulithic Co. vs. Nueces County
(Com. App.), 11 S.W. (2d) 305:

" *** In the very nature of things, the
Legislature, in passing this statute, did not
contemplate that services of the kind covered
by the contract in question should be subject
to competitive bids, but evidently intended
that, when personal services, demanding special
skill, experience and business judgment, were
required, the commissioners' court might adopt
such method in securing such services that would
be reasonably calculated to obtain the particular
type of services desired."

This is also familiar law in other jurisdictions.
Miller vs. Boyle, 43 Calif. App. 39, 184 Pac. 421; Rollins vs.
the City of Salem, 251 Mass. 468, 146 N.E. 795; Horgan and
Slattery vs. City of New York, 114 App. Div. 555, 100 N.Y.
Supp. 68; Stratton vs. Allegheny County, 245 Pa. 519, 91 Atl.
894; People vs. Flagg, 17 N.Y. 584; Heston vs. Atlantic City,
93 N.J.L. 317, 107 Atl. 820; Commonwealth vs. Tice. 272 Pa.
447, 116 Atl. 316; 2 Dillon Mun. Corp. ¶ 802. Cf. Wallace vs.
Commissioners' Court (C.C.A. 1926), 281 S.W. 593; Ashby vs.
James, 226 S.W. 732.

Prior to the enactment of Article 2368a in 1931,
General Laws, 42nd Legislature, 1931, Chapter 163, page 269,
there was no statute requiring competitive bidding as the basis
for a contract by a city incorporated under the general laws;
and such a city could make a contract without requiring bids.
Montgomery vs. City of Alamo Heights (Civ.App.), 8 S.W.(2d)
258, writ dismissed. However, under the provisions of numerous
municipal charters requiring competitive bids on contracts ex-
ceeding a certain sum of money, the same rule was held applicable.

City of Houston vs. Glover (C.C.A. 1905), 40 Tex.Civ.App. 177, 89 S.W. 425 (employment of architect); City of Houston vs. Potter, 41 Tex.Civ.App. 381, 91 S.W. 389 (supervisor of Public Works ); Hunter vs. Whitaker (Civ.App.), 230 S.W. 1096, writ denied (civil engineers); Tackett vs. Middleton (Com.App. 1926), 280 S.W. 563 (employment of architect).

As stated in the Middleton case, supra:

"The employment of an architect and others of technical learning by the authorities of a municipality is not controlled by statutes requiring bids in writing for services or work to be done, and the payment of such services so performed by an architect or others of special technical learning may be made out of current revenues of a city."

See also 30 Tex. Jur. 331.

In 1931 the Legislature repealed Article 2368 and passed in its stead Article 2368a, Vernon's Annotated Civil Statutes, which reads in part as follows:

"Sec. 2. No county acting through its Commissioners' Court, and no city in this State, shall hereafter make or enter into any contract or agreement for the construction of any public building, or the prosecution and completion of any public work requiring or authorizing any expenditure in excess of Two Thousand Dollars ($2,000.00), creating or imposing an obligation or liability of any nature or character upon such county, or any subdivision of such county, or upon such city, without first submitting such proposed contract or agreement to competitive bids. ***; and provided further, that it shall not be applied to contracts for personal or for professional services, nor to work done by such county or city and paid for by the day, as such work progresses."

Note that the article expressly applies to cities and counties, and that the Legislature followed the lead of the courts and added the proviso that the act "shall not be applied to contracts for personal or professional services."

It is the opinion of this department that insofar as counties and municipalities are concerned, the rule heretofore set forth and exemplified by cases such as Gulf Bitulithic Company vs. Nueces County (Com. App.), 118 S.W.(2d) 305, and Tackett vs. Middleton, supra, is still applicable in Texas under Article 2368a, Vernon's Annotated Civil Statutes. More specifically, it is the opinion of this department that the employment of a skilled public accountant is not governed by the provisions of Article 2368a, requiring the submission of contracts to competitive bids. Cochran County vs. West Audit Co., supra. We do call your attention, however, to the fact that Articles 1641 and 1641a, Vernon's Annotated Civil Statutes, must be strictly complied with in the employment of an auditor or accountant by the Commissioners' Court. These articles read as follows:

"Art. 1641. Audit by accountant.--Any commissioners court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant to audit all or any part of the books, records, or accounts of the county; or of any district, county or precinct officers, agents or employes, including auditors of the counties, and all governmental units of the county, hospitals, farms, and other institutions of the county kept and maintained at public expense, as well as for all matters relating to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct, willful omission or negligence in records and reports, misapplication, conversion or retention of public funds, failure in keeping accounts, making reports and accounting for public funds by any officer, agent or employe of the district, county or precinct, including depositories, hospitals, and other public institutions maintained for the public benefit, and at public expense; or that in the judgment of the court, it is necessary that it have the information sought to enable it to determine and fix proper appropriation and expenditure of public moneys, and

to ascertain and fix a just and proper tax levy. The said resolution may be presented in writing at any regular or called session of the commissioners court, but shall lie over to the next regular term of said court, and shall be published in one issue of a newspaper of general circulation published in the county; provided if there be no such newspaper published in the county, then notice thereof shall be posted in three public places in said county, one of which shall be at the court house door, for at least ten days prior to its adoption. At such next regular term said resolution shall be adopted by a majority vote of the four commissioners of the court and approved by the county judge. Any contract entered into by said commissioners court for the audit provided herein shall be made in accordance with the statutes applicable to the letting of contracts by said court, payment for which may be made out of the public funds of the county in accordance with said statutes. The authority conferred on county auditors contained in this title as well as other provisions of statutes relating to district, county and precinct finances and accounts thereof shall be held subordinate to the powers given herein to the commissioners' court. (Acts 1923, p. 170.)"

"Art. 1641a. (Public Accountant in certain counties.)--In counties of a population of not less than 298,000 and not more than 355,000, according to the last Federal Census, that the Grand Jury of any County or the State Auditor when in the judgment of either, an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant for the same purposes authorized by Article 1641, or for any other necessary purpose; provided, however, that same shall not be made more than once every two years, except for the purposes of supplementing any audit theretofore made. The same notice shall be given as provided in the preceding Article, one week prior to the making of said contract with such Auditor, and the same shall be paid for out of the general funds of said County. (Acts 1931, 42nd Leg., p. 842, ch. 353, § 1.)"

Insofar as school districts, road districts, water improvement districts and other legally constituted public

corporations are concerned, it is the opinion of this depart-
ment, and you are respectfully advised, that in the absence of
a statute specifically requiring the same, it is not necessary
that contracts for the employment of skilled professional men,
such as attorneys, architects and professional public account-
ants, be submitted to competitive bids.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Walter Koch
Walter Koch, Assistant

By /s/ James D. Smullen
James D. Smullen

APPROVED MAY 10, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

JDS/oe:wb