

# THE ATTORNEY GENERAL

## OF TEXAS

XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

This Opinion
Overrules Opinion 0-96
insofar as it conflicts
with this opinion.

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. 0-5533
Re: Whether certain provisions
of Article 1641, R. C. S.,
1925, are mandatory upon
the Commissioners' Court
before entering into a
valid contract for an out-
side audit, and a related
question.

After quoting Article 1641, R. C. S., you submit the following questions in your letter of August 18, 1943, upon which you desire the opinion of this department:

"1. Before entering into a valid contract for an outside audit is it mandatory upon the commissioners' court to have presented to it in writing a resolution providing for such audit, such resolution to be publicized as set forth in the statute, and adopted at the next regular term of the Court?

"2. In the adoption of any such resolution by a majority vote of the four commissioners will it be necessary that at least three commissioners vote for such adoption, or may it be adopted by a vote of two commissioners and the County Judge with two Commissioners voting against adoption."

Articles 1641 and 1646a, R.C.S. of 1925, respectively, read as follows:

Article 1641.

"Any commissioners court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested,

competent and expert public accountant to audit
all or any part of the books, records, or accounts
of the county; or of any district, county or pre-
cinct officers, agents or employes, including au-
ditors of the counties, and all governmental units
of the county, hospitals, farms, and other institu-
tions of the county kept and maintained at public
expense, as well as for all matters relating to
or affecting the fiscal affairs of the county. The
resolution providing for such audit shall recite
the reasons and necessity existing therefor such
as that in the judgment of said court there exists
official mis-conduct, willful omission or negligence
in records and reports, misapplication, conversion
or retention of public funds, failure in keeping
accounts, making reports and accounting for public
funds by any officer, agent or employe of the dis-
trict, county or precinct, including depositories,
hospitals, and other public institutions maintained
for the public benefit, and at public expense; or
that in the judgment of the court, it is necessary
that it have the information sought to enable it to
determine and fix proper appropriation and expendi-
ture of public moneys, and to ascertain and fix a
just and proper tax levy. The said resolution may
be presented in writing at any regular or called
session of the commissioners court, but shall lie
over to the next regular term of said court, and
shall be published in one issue of a newspaper of
general circulation published in the county; pro-
vided if there be no such newspaper published in
the county, then notice thereof shall be posted in
three public places in said county, one of which
shall be at the court house door, for at least ten
days prior to its adoption. At such next regular
term said resolution shall be adopted by a majority
vote of the four commissioners of the court and
approved by the county judge. Any contract entered
into by said commissioners court for the audit pro-
vided herein shall be made in accordance with the
statutes applicable to the letting of contracts by
said court, payment for which may be made out of
the public funds of the county in accordance with
said statutes. The authority conferred on county
auditors contained in this title as well as other
provisions of statutes relating to district, county
and precinct finances and accounts thereof shall be
held subordinate to the powers given herein to the
commissioners' court. (Acts 1923, p. 170.)"

Article 1646a.

"The commissioners' court of any county under twenty-five thousand population according to the last United States census may make an arrangement or agreement with one or more other counties whereby all counties, parties to the arrangement or agreement, may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1645 and 1646. The county commissioners' court of every county affected by this article may have an audit made of all the books of the county, or any of them, at any time they may desire whether such arrangements can be made with other counties or not; provided the district judge or grand jury may order said audit if either so desires."

Article 2343, R. C. S., 1925, provides:

"Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax. Id."

In bringing Article 1646a into the Revised Civil Statutes, 1925, this article erroneously refers to Article 1645 and 1646 where in its original enacted form, it expressly referred to "Articles 1459a and 1459b" (R. C. S., 1911). In such original form, this statute was enacted by the same 39th Legislature, Reg. Sess., which enacted Senate Bill 382, Chapter 104, authorizing the preparation, printing, sale and distribution of the R. C. S. of Texas, 1925, with the expressed intention that it be added to "Article 1459b", R. C. S. of 1911, and "be called Article 1459c." Since Articles 1459a and 1459b were brought forward in the 1925 revision as Article 1641, it is apparent that the added statute (Article 1459c) should have been more clearly codified with Article 1641 and expressly refer therein to said article in lieu of Articles 1645 and 1646 as it presently reads. The foregoing error in the 1925 revision was early pointed out in an opinion of this department written by Honorable Bruce W. Bryant, First Assistant Attorney General, to the County Attorney of Walker County, Huntsville, Texas, under date of October 5, 1931.

Former Opinions of this department as well as Court decisions therefore construed Article 1641 and 1646a, R. C. S., 1925, together in passing upon questions similar to those herein presented, relating to a special audit.

In Cochran County v. West Audit Company, 10 S. W. (2d) 229, the Court held that under Article 1646a, the Commissioners' Court of Cochran County would be authorized to employ an auditor without a rigid compliance with Article 1641, and that this statute, being a special statute, would control over Article 2368. The last named article, relating to competitive bidding for contracts, has since been repealed and reenacted as Article 2368a, Vernon's Annotated Civil Statute, wherein it contains a proviso exempting from the publication requirements of the statute contracts for personal or for professional services or for work done by the county and paid for by the day, as such work progresses.

We note that in the Cochran County Case, above mentioned, the court found that the order of the Commissioners' Court did in fact lie over until after the next regular term when it was passed, but as to further objections levelled against the auditing company on failing to meet other requirements of Article 1641, supra, as affecting the validity of the contract, no discussion of same appears in the opinion. Recovery was permitted quantum meruit and writ of error refused.

In a later case, West Audit Company v. Yoakum County, 35 S. W. (2) 404, it appears the company had brought the action on a contract for an audit made with Yoakum County and in the alternative, sought relief on an implied contract based upon quantum meruit. We quote from the opinion of the Commission of Appeals, Section A, written by Justice Sharp:

"It is undisputed that the provisions of Article 1641 were not complied with in making the contract in controversy. In our opinion West Audit Company can not recover upon a written contract made with Yoakum County to audit its books."

The Yoakum County Case appears to be the last case by any Appellate Court in which Article 1641 was considered. In view of the above quoted language found in that opinion,

it is our opinion that your first question and the first of the two alternative questions embraced in your second question should be answered in the affirmative, and they are so answered.

Our Opinion No. 0-96 is hereby overruled, insofar as it is in conflict with this opinion.

APPROVED SEP 30, 1943       Yours very truly,

Grover Sellers         ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT
ATTORNEY GENERAL

WJRK/pw/hep        By    /s/
                     Wm. J. R. King
                     Assistant

APPROVED
OPINION
COMMITTEE
BY  BWB
CHAIRMAN