## HARRIS COUNTY v. NEVILLE.
### No. 2812.

Court of Civil Appeals of Texas. Beaumont.
June 20, 1935.

Marshall T. Anderson, of Houston, for appellant.

S. B. Ehrenwerth and E. A. Knipp, both of Houston, for appellee.

COMBS, Justice.

This appeal was to the Galveston Court of Civil Appeals and is before us on transfer by the Supreme Court.

Appellee, Frank Neville, filed suit against Harris county seeking $200 compensation for services rendered as deputy sheriff during the month of January, 1933. The case was tried upon an agreed statement of fact, the only issue involved being one of law, and resulted in a judgment in appellee's favor for the amount sued for. The county has appealed.

During the year 1931 T. A. Binford, sheriff of Harris county, appointed appellee as one of three deputies appointed by him by virtue of an Act of the 42d Legislature, 1931, chapter 337, p. 818 (now article 6869A, Vernon's Ann. Civ. St.).

Appellee qualified by taking the oath and giving bond in the amount required by the statute. The commissioners' court, in accordance with the act, fixed the salary to be paid at $200 per month. At the end of that biennium the sheriff reappointed appellee and he took the oath on January 1, 1933; the order of appointment and the oath being filed with the clerk of the commissioners' court. No new bond was filed at that time, it appearing that the bond previously given was to run until June 1, 1933, and premium had been paid on it until that time. The commissioners' court took no action until January 28, 1933, when the following order was passed and entered on the minutes: "It was moved by Commissioner Walling, seconded by Commissioner Tautenhahn, duly put and carried that the allowances of two hundred ($200.00) dollars per month for three deputies now engaged in the enforcement of the prohibition law be and it is hereby discontinued, effective January 1st, 1933; and that the budget allowance be restricted to the payment for the month of December, 1932, which is to be made in January, 1933." Pursuant to said order payment of salary was refused appellee for said month of January, and this suit resulted. Recovery is sought both on the basis of the contract of employment and on quantum meruit. It was agreed that during the month of January, 1933, plaintiff performed all services required of him by the sheriff as deputy, his services being such as are usually and customarily performed in connection with such appointments, but that the commissioners' court did not enter any order fixing compensation. It was also agreed that the reasonable value of the services performed by the appellee during said month of January was the sum of $200.

We think the trial court properly rendered judgment for the appellee. The agreed facts show that he rendered the services for which he seeks compensation. The order entered by the commissioners' court shows on its face that the court knew that appellee was rendering such services. The court, of course, had the power to terminate the arrangement whereby the county was paying the monthly salary of appellee, or to decline to renew the arrangement whereby it would do so if the matter be viewed from that stand-

point. But we think it may not properly refuse to pay a reasonable compensation for services already rendered if not with the consent at least with the full knowledge of the officials concerned. (A county or municipality, no less than an individual, rests under an obligation to do justice when it has received the benefit of the money, property, or services of another. In such case recovery of the reasonable value of the benefits received is allowed on the principle of implied contract, even though there be no express contract, or the contract actually made be void.) Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841; West Audit Co. v. Yoakum County (Tex. Com. App.) 35 S.W. (2d) 404. In the case before us no valid reason appears why such rule should not be applied. So far as shown, appellee rendered his service in the utmost good faith and without notice or knowledge that the commissioners' court intended to refuse him payment therefor.

The judgment is affirmed.