point. But we think it may not properly refuse to pay a reasonable compensation for services already rendered if not with the consent at least with the full knowledge of the officials concerned. (A county or municipality, no less than an individual, rests under an obligation to do justice when it has received the benefit of the money, property, or services of another. In such case recovery of the reasonable value of the benefits received is allowed on the principle of implied contract, even though there be no express contract, or the contract actually made be void.) Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841; West Audit Co. v. Yoakum County (Tex. Com. App.) 35 S.W. (2d) 404. In the case before us no valid reason appears why such rule should not be applied. So far as shown, appellee rendered his service in the utmost good faith and without notice or knowledge that the commissioners' court intended to refuse him payment therefor.

The judgment is affirmed.

---

**HARRIS COUNTY, Appellant, v. C. N. HILL, Appellee.**

No. 2813.

Court of Civil Appeals of Texas. Beaumont. June 20, 1935.

Marshall T. Anderson, of Houston, for appellant.

S. B. Ehrenwerth and E. A. Knipp, both of Houston, for appellee.

COMBS, Justice.

Appellee recovered judgment against Harris county for services rendered as deputy sheriff during the month of January, 1933. The facts and issues involved are identical with the case of Harris County v. Frank Neville (Tex. Civ. App.) 84 S.W.(2d) 834, this day decided.

The judgment is affirmed.

---

**HARRIS COUNTY, Appellant, v. C. N. OGDEN, Appellee.**

No. 2814.

Court of Civil Appeals of Texas. Beaumont. June 20, 1935.

Marshall T. Anderson, of Houston, for appellant.

E. A. Knipp and S. B. Ehrenwerth, both of Houston, for appellee.

COMBS, Justice.

Appellee recovered judgment against Harris county for services rendered as deputy sheriff during the month of January, 1933. The facts and issues involved are identical with the case of Harris County v. Frank Neville (Tex. Civ. App.) 84 S.W.(2d) 834, this day decided.

The judgment is affirmed.

---

**GROVES v. WESTERN REALTY CO.**

No. 12041.

Court of Civil Appeals of Texas. Dallas. June 17, 1935.

