## STEVENSON et al. v. BLAKE.
### No. 9902.

Court of Civil Appeals of Texas. San Antonio.

Nov. 20, 1935.

Rehearing Denied Dec. 18, 1935.

H. W. Wallace, of Cuero, J. W. Ragsdale, of Victoria, and D. Richard Voges, of Floresville, for appellants.

Wiseman & Murray, of Floresville, for appellee.

SMITH, Chief Justice.

On July 20, 1935, the county commissioners of Wilson county, upon their own initiative, called upon and employed Messrs. J. W. Ragsdale and H. W. Wallace, reputable attorneys of Victoria and De Witt counties, respectively, to institute and prosecute suits against certain former and present officials of said county, to recover moneys alleged to be due by those officials to the county. For those services it was stipulated in the contract that the county would pay Messrs. Ragsdale and Wallace 25 per cent. of the recovery in said litigation, plus $3,000; $1,000 to be paid in cash, $1,000 on

February 15, 1936, and $1,000 upon termination of the contemplated litigation.

Before any part of the agreed compensation was paid to the attorneys, Dr. John V. Blake, as a taxpaying citizen, obtained a temporary injunction, restraining the county officials from making such payments. The injunction was sought and granted upon the contentions, first, that the agreed attorneys' fee was excessive; second, that the contract was void as being in contravention of the constitutional inhibition (section 7, art. 11) against any county creating a debt payable in future years without at the same time levying a tax to provide funds with which to retire such debt; and, third, that the debt was created in disregard, and in direct contravention, of the provisions of the State Uniform Budget Law. Acts 1931, Gen. Laws 42d Leg. p. 339, c. 206 (Vernon's Ann. Civ.St. arts. 688–689a—20).

We will first consider the contention of appellee that the contract was in contravention of section 7, art. 11, the pertinent provision of which is as follows: "But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund." Section 7, art. 11, adopted election November 8, 1932.

■ The application of the constitutional inhibition in given cases depends, primarily, upon the meaning of the word "debt" as therein used. The conventional meaning of the word is known, of course, to all men. But that meaning is susceptible of, and has been given, many shades and degrees of qualifications by our courts in construing or applying the constitutional limitation. The meaning of the word in any given case, and the application of the limitation, may therefore be said to hinge upon the facts peculiar to that case.

■ The constitutional provision operates as a salutary restraint upon, and denial of, the power of municipal corporations to create or contract obligations and liabilities which are not to be discharged with revenues then on hand or immediately under the corporate control, and lawfully applicable to the matter in hand. McNeal v. City of Waco, 89 Tex. 83, 87, 33 S.W. 322, 323; Tackett v. Middleton (Tex.Com.App.) 280 S.W. 563, 44 A.L.R. 1143. Or, stated in another way, it was said in the McNeal Case that the constitutional restriction has

no application "to that class of pecuniary obligations in good faith intended to be, and lawfully, payable out of either the current revenues for the year of the contract or any other fund within the immediate control of the corporation."

■■ The effect of these holdings of the Supreme Court is, that the validity of such contract is determinable by the good-faith intention of the parties, at the time of contracting, as to whether the county's obligation is, upon the one hand, to be paid out of unappropriated revenues then in hand or to be collected during the year of the contract, and lawfully available for the purpose, or, upon the other hand, out of revenues to be collected after the termination of that fiscal year. In the first case, the contract does not contravene the constitutional limitation; in the second, it does.

■ With that general statement of the rule in mind, the pertinent provisions of the contract by which the commissioners' court sought to employ appellants, as attorneys, is as follows: "Both parties contract and agree that the compensation of said attorneys to be paid them by Wilson County and its Commissioners' Court, shall be the following: Three Thousand ($3,000.00) Dollars, and also twenty-five per cent (25%) of all sums recovered by judgment from any of the above named parties. It is understood and provided that if any of said parties pay any of said sums before suit is filed thereon said twenty-five per cent shall not apply to any such sum or sums paid before suit is filed. Said Three Thousand Dollars shall be paid as follows: One Thousand ($1,000.00) Dollars in cash upon the signing of this contract; One Thousand ($1,000.00) Dollars on February 15, 1936; and One Thousand ($1,000.00) Dollars when judgment becomes final in said cases. The twenty-five per cent above mentioned shall be paid when and as collections are made on any such judgments."

The order of the commissioners' court adopting the contract directed that "warrants in the sum of $500 each be issued" and mailed to appellants, respectively, "to cover the first $1,000 warrant to" appellants "on this contract." The payment of those two warrants, as well as those to be subsequently issued, was halted by the injunction now under consideration. The consequence is that no part of the compensation payable by the county under the contract has been paid.

Now, there is no difficulty here in testing the validity of the contract involved, by the rule stated. It is, primarily, a question of the intention of the parties, with reference to the revenues out of which it was contemplated that the county's obligation was to be paid. And that question was settled by the parties themselves when, in express language embraced in the contract, it was provided that the second installment of the obligation was to be paid in February of the year following that in which the contract was made, and the third installment in an undetermined year in the future. There, and in that way, the intention of the parties was clearly and unequivocally expressed, that the county's obligation was not to be paid out of revenues on hand, or out of revenues to be collected in that year, but out of taxes to be levied and collected in future years. By this process the parties themselves brought the contract under the ban of the constitutional inhibition, since it is conceded by all that no provision was then made "for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund" with which to retire the debt made, as provided in section 7, art. 11.

Appellants rely upon the decision in Colonial Trust Co. v. Hill County (Tex. Com.App.) 294 S.W. 516, 517, Id. (Tex.Com. App.) 27 S.W. (2d) 144, as upholding their contention that under the terms of the contract and other evidence in the record it was contemplated by the parties in this case that the county's obligation was to be paid out of unappropriated revenues then on hand, or in the immediate control of the commissioners' court. We construe that case, however, to be against, rather than in favor of, appellants' contention. In that case the county purchased two tractors, at the agreed price of $3,375 each. The contract was silent as to the time of payment of the purchase price of the tractors. The county thereupon paid the larger part of the agreed sum, but a few weeks later issued two time warrants for the balance of the obligation, payable three years later. The Supreme Court held that in view of the failure of the contract to fix a future year for the payment of the debt, and of the fact that a larger part of the amount was paid at the time, it would be presumed that it was intended by the parties, at the time of making the contract, that the obligation would be paid out of unappropriated funds then on hand, or within the immediate control of the commissioners, and that as the tractors had been accepted by the county, and subsequently worn out in the service of the public, the county would not be heard to defeat the time warrants, at their maturity, by invoking the constitutional limitation in question; that such course on the part of the county would amount to a fraud upon the creditor, to which purpose the constitutional limitation could not be prostituted.

Now, in this case, the basic fact was quite different from that in the cited case, for there the contract was silent as to the time of payment, while here it was expressly stipulated that a major portion of the debt would be paid out of the revenues of future years, leaving no ground for the presumption, given controlling effect in the cited case, that it was the intention of the parties that the entire obligation was to be paid out of unappropriated funds on hand, or to be available from taxes collectible in that year. Had it appeared in that case, as it conclusively appears from the record in this case, that it was intended that any part of the debt was to be paid out of taxes to be levied in future years, it must be assumed, from the language of the opinion, that the court would have held the contract to be invalid. "For," as the court said in that case, "if at the time the purchase was made it had been in contemplation that any part of the purchase price should be paid from taxes levied and collected for future years, the contract under this section [§ 7, art. 11, Const.] would have been a prohibited one."

We conclude that under the inhibition of section 7, and the authorities thereunder and herein cited, the trial court properly held the contract in question to be invalid, as in contravention of the constitutional restriction. City of Terrell v. Dessaint, 71 Tex. 770, 9 S.W. 593; McNeal v. City of Waco, supra; Andrus v. City of Crystal City (Tex.Com.App.) 265 S.W. 550; City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W. (2d) 470, 41 S.W. (2d) 228; J. I. Case Threshing Mach. Co. v. Camp County (Tex.Civ.App.) 218 S.W. 1; Rogers Nat. Bank v. Marion County (Tex.Civ.App.) 181 S.W. 884, writ refused. The judgment must therefore be affirmed, regardless of the other questions presented in the appeal.

Affirmed.