C. B. STEVENSON ET AL. v. JOHN V. BLAKE.

No. 7057.   Decided February 23, 1938.
(113 S. W., 2d Series, 525.)

*D. Richard Voges,* of Floresville, *J. W. Ragsdale,* of Victoria, and *H. W. Wallace,* of Cuero, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the contract in question stipulated that a portion of the attorney's fees would be paid out of the revenue of future years. Boesen v. County of Potter, 173 S. W. 462; Seagler v. Adams, 112 Texas 583, 250 S. W. 413.

*Wiseman & Murry,* of Floresville, for defendant in error.

It was not error for the Court of Civil Appeals to hold that a contract providing for the payment of attorney's fees when judgment became final was to create a debt prohibited by the Constitution in that such future payment must be paid out of funds to be matured in future years. City of Terrell v. Dissaint, 9 S. W. 593; City of Fort Worth v. Bobbitt, 121 Texas 14, 41 S. W. (2d) 228; American Road Machinery Co. v. City of Ballinger, 210 S. W. 265.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Sometime before July, 1935, the commissioners' court of Wilson County employed a firm of public accountants to audit

the financial records of the county including the accounts of the various officers of the county. By July 20, 1935, the audit was completed and report thereof filed by said accountants. According to the report various sums, aggregating approximately $17,000.00, were due the county by several officers of the county. On the date last mentioned, the commissioners' court employed J. W. Ragsdale and H. W. Wallace, attorneys at law, to assist the county attorney in bringing and prosecuting suits against said various officers for the sums due the county. Said contract of employment reads as follows:

"The State of Texas, County of Wilson.

"This instrument witnesses a contract of employment of the attorneys hereinafter named by Wilson County, Texas, and the Commissioners Court thereof, acting under authority of an order of said Court this day duly adopted, made and entered by said Commissioners Court, as follows:

"1. Wilson County by and through its said Commissioners Court hereby employs J. W. Ragsdale, of Victoria County, Texas, and H. W. Wallace of DeWitt County, Texas, attorneys-at-law, for the compensation hereinafter named, to co-operate with the County Attorney of Wilson County, to demand and collect from the officers of Wilson County, Texas, any and all sums due said County as shown by the report of Parker & Adams, certified public accountants, to the Commissioners Court of Wilson County, dated June 7, 1935; and to file and prosecute to final judgment any and all suits or actions at law against any of said officers so owing said County, and the sureties on their official bonds, for the recovery of any and all such sums they may be owing Wilson County, Texas.

"2. Said attorneys hereby accept said employment, and agree to demand payment from said officers to be owing Wilson County any money by said auditors' report, and to file and prosecute suits against them and the sureties on their official bonds, and to use due and proper effort to collect all said sums, and to file and prosecute such suits to final judgment, for the compensation hereinafter named.

"3. Both parties contract and agree that the compensation of said attorneys to be paid them by Wilson County and its Commissioners Court, shall be the following: Three Thousand ($3000.00) Dollars, and also twenty-five per cent (25%) of all sums recovered by judgment from any of the above named parties. It is understood and provided that if any of said parties pay any of said sums before suit is filed thereon said twenty-five per cent shall not apply to any such sum or sums paid before suit is filed. Said Three Thousand Dollars shall be paid as

follows: One Thousand ($1000.00) Dollars in cash upon the signing of this contract; One Thousand ($1000.00) Dollars on February 15, 1936; and One Thousand ($1000.00) Dollars when judgment becomes final in said cases. The twenty-five per cent above mentioned shall be paid when and as collections are made on any such judgments."

In the order adopting the contract, the commissioners' court directed that two warrants be issued for $500.00 each for the cash payment of $1,000.00 called for by the contract. Before those warrants were issued, Dr. John V. Blake, a taxpaying citizen of the county, brought suit for injunction to permanently restrain the payment of any of the compensation provided in said contract. The plaintiffs' petition also contains an application for a temporary injunction. A date was duly set by the trial judge for the hearing of said application for temporary injunction, and all parties appeared on the designated date and a full hearing was had. At the conclusion of the testimony, the court ordered temporary injunction issued, restraining payment of any part of said sum of $3,000.00 provided in said contract; and from said order this appeal was duly prosecuted; and the Court of Civil Appeals affirmed said order or judgment of the trial court. 88 S. W. (2d) 773. Writ of error has been granted by the Supreme Court.

The defendant in error contends that the obligation undertaken to be imposed on the county to pay the agreed compensation to said attorneys for their services is void under the provisions of the clause of Section 7 of Article XI of the State Constitution which reads as follows:

"But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent. as a sinking fund."

It is conceded by all parties that in the present instance no provision, such as the above clause of the Constitution requires, was made.

1 The term "debt" as used in said clause of the Constitution "means any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the corporation." McNeal v. City of Waco, 89 Texas 83, 33 S. W. 322; City of Corpus Christi

v. Woessner, 58 Texas 467; Foard County v. Sandifer, 105 Texas 420, 151 S. W. 523; City of Houston v. Glover, 40 Texas Civ. App. 177, 89 S. W. 425; Tackett v. Middleton, 280 S. W. 563, 44 A. L. R. 1143.

2   Subject to the limitation as to rate, as prescribed in Section 9 of Article VIII of the Constitution, the Legislature, under its general lawmaking power, has the authority to regulate all matters pertaining to the levying and assessing of the annual ad valorem taxes for general county purposes, and to prescribe the time for their payment. At the time the contract here in question was made, statutes existed in keeping with this authority whereby ad valorem taxes generally, for the year 1935— including county taxes for general county purposes—became payable October 1, 1935, but no penalty for nonpayment attached prior to February 1, 1936. Perhaps these considerations supply a firm foundation for the contention of the plaintiffs in error to the effect that all said taxes for general county purposes which were paid prior to the last mentioned date constituted "current revenues" of the county for the year 1935, and that the presumption arises that the parties to the contract contemplated, at the time same was made, that the sum of $1,000.00, which was to become due February 15, 1936, would be paid from those revenues. Be this as it may, the fact remains that this sum did not constitute the entire obligation of the county which the contract purports. The clause of the Constitution which has been set out, regards as an entirety the pecuniary obligation undertaken to be imposed by the contract, and unless the parties reasonably contemplated at the time the contract was made, that same would be wholly satisfied out of current revenues for the year 1935, or out of some fund then within the control of the commissioners' court, the entire obligation is void. Andrus v. Crystal City, (Com. App.) 265 S. W. 550; Colonial Trust Co. v. Hill County, (Com. App.) 294 S. W. 516; and cases cited above. The pecuniary obligation undertaken to be imposed on the county by the contract includes the payment of the sum of $1,000.00 "when judgment becomes final in said cases." The contract, fairly construed in the light of the circumstances, shows that the parties did not definitely contemplate that this last mentioned sum would be paid, when it fell due, from current revenues for the year 1935. The evidence is undisputed that the parties contemplated that at least three distinct suits in the district court, against county officers and their bondsmen, would probably be necessary to recover the sums shown by the auditor's report to be due the county, and that judgment in said respective cases would prob-

ably not become final, and the litigation terminated, until the right of appeal was exhausted, including appeal to the Supreme Court. It is conceded by the plaintiffs in error that these probabilities constituted a controlling factor in fixing the amount of compensation which the said attorneys were to receive for their services. In these circumstances, it is not reasonable to presume that the parties contemplated, at the time the contract was made, that the entire pecuniary obligation against the county, which the contract purports, would be satisfied out of the current revenues for the year 1935. In our opinion it is not enough, in order to escape compliance with the requirements of the Constitution, that the parties contemplated, as a contingency which might arise, that performance of the services of the attorneys would be completed, and said sum of $1,000.00 become due, at such a time that the payment of said sum could be made from current revenues for the year 1935. Under the authorities as we interpret them, the test is, Did the parties, under the circumstances, reasonably contemplate that the sum mentioned would in fact become due at such a time?

For the reasons discussed, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 23, 1938.