### HATLEY et al. v. BEXAR COUNTY et al.
#### No. 10954.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 13, 1940.

Supplemental Opinion Nov. 15, 1940.

Rehearing Denied Nov. 18, 1940.

Moursund, Ball, Moursund & Bertgstrom, of San Antonio, for appellants.

John R. Shook and J. Sam Levey, both of San Antonio, Robert Ogden, of Dallas, and Mueller & Green, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Roy O. Hatley, Gerald S. Connell, Frank M. Giffen, H. G. Williams, Claude R. Towers, and Joe Garza, as resident taxpaying citizens of Bexar County, against Bexar County, Charles W. Anderson, individually and as County Judge of Bexar County, Sam H. Anderson, J. W. Donnell, Robert F. Uhr and R. W. Stappenbeck, Sr., individually and as County Commissioners of Bexar County, Edgar G. Garvey, individually and as Auditor of Bexar County, and Sam C. Bell, individually and as County Treasurer of Bexar County, Texas, and also against Automatic Voting Machine Corporation, a New Jersey corporation, seeking, among other things, the issuance of a temporary restraining order and on hearing a temporary injunction restraining the defendants from complying with any of the orders of the Commissioners' Court described in the petition and from paying or taking any steps for the payment of any items described in and provided to be paid by the terms of an alleged illegal contract between Bexar

County and Automatic Voting Machine Corporation for the rental of 300 voting machines, with an option to purchase. Chester Slimp and others intervened in the cause and prayed that the injunction be not issued.

A temporary restraining order was first granted but upon notice and hearing a temporary injunction was refused and plaintiffs have prosecuted this appeal from the order refusing the temporary injunction.

Plaintiffs allege in their petition, among other things, as follows:

That Bexar County was, during all the times therein mentioned, governed by Chapter 206 of the Acts of the 42nd Legislature, Regular Session, Vernon's Texas Civ. Statutes, Arts. 689a—9 to 12, known as the "Budget Law."

That the present budget of Bexar County contains an item of sixteen thousand dollars for "Elections," the same being subdivided and specifically itemized into different items as follows, to-wit:

| | |
|---|---|
| 19-A General-Special and School Judges and Clerks | $ 9,275.00 |
| Repairing booths and ballot boxes | 100.00 |
| Delivering ballot boxes | 600.00 |
| Rent chairs, tables & supplies | 800.00 |
| Hauling election equipment | 800.00 |
| Printing, stationery, stamps | 4,200.00 |
| Advertising | 25.00 |
| | $16,000.00 |

That no provision was made in said budget for renting or purchasing voting machines, nor was any item of the proposed expenditures set out or contained in said budget which in any way related to the renting or purchasing of voting machines.

That the Commissioners' Court of Bexar County, on April 25, 1940, adopted an order which recited in substance that the Court found and determined it to be desirable, feasible and practicable for the County of Bexar to adopt voting machines for use in elections, under authority of the statutes (Vernon's Civ.Stats. Art. 2997a), and that it was deemed advisable and to the best interest of the County that no more than three hundred voting machines be rented and/or purchased by the Court, and that the rental of the voting machines was an expense of election, and that the current budget of Bexar County, as adopted and existing, contains

provisions appropriating a sufficient fund for the payment of rentals of such machines, and that it was estimated that the purchase price of such three hundred voting machines would not exceed the sum of $305,000, and the County Auditor was directed to advertise for bids for rental and/or purchase of voting machines.

That in answer to said advertisement the Automatic Voting Machine Corporation filed with the County Clerk its bid dated May 8, 1940. The bid contained two proposals. On May 17, 1940, the Commissioners' Court accepted the first proposal of the Automatic Voting Machine Corporation of Jamestown, New York, for the rental of 210 voting machines at $125 each, and 90 machines at $1 each, for one year beginning June 1, 1940, including the option to purchase any or all of said machines during said rental period, and to apply the rental and freight charges paid, on the purchase price of said machines. On the same date the county entered into a contract with Automatic Voting Machine Corporation whereby the County bound itself among other things as follows:

| | |
|---|---|
| To pay within 150 days from May 17, 1940, for rental upon the 300 voting machines, the sum of | $26,340.00 |
| to pay for freight on 210 of said machines from Jamestown, New York, to San Antonio, the sum of | 6,100.50 |
| to pay a like sum for the return of the machines in the event they were not purchased | 6,100.50 |
| | $38,541.00 |

There were other obligations in the contract not necessary to here mention.

The question here presented is the validity of this contract for the rental of these 300 voting machines. The allegations of the petition were not denied under oath either by defendants below or by interveners and must be here taken as true.

It is clear that there was no item in the budget which could be expended for renting voting machines. However, if it be considered that the entire appropriation for elections could properly be diverted to the renting of voting machines this would provide far less than one-half of the amount required to pay the rental on the machines, thus leaving a deficit of more than $22,000.

698

■ The "Budget Law", Art. 689a—11, Vernon's Tex.Civ.Stats., provides in effect that when the budget is adopted taxes shall be levied only in accordance therewith and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. The only exception to this rule is that emergency expenditures may be made in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget. The rental of the voting machines under the circumstances set forth in the petition did not constitute a grave public necessity which could not have been foreseen.

■■ The Commissioners' Court by entering into the contract for the rental of the voting machines did so in violation of the "Budget Law" and in doing so created a debt which they could not reasonably have expected to pay out of the current revenues of the county, which are presumed to be only sufficient to meet the budget as approved and filed.

■ The Commissioners' Court, in contracting to rent the voting machines, did not only violate the "Budget Law" but also Section 7 of Article 11 of the Constitution of Texas, Vernon's Ann.St., which provides in part as follows: "But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund."

■ The term "debt" as used in said clause of the Constitution "means any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within the immediate control of the corporation." Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525, 527.

■ A contract thus attempted to be entered into creating such a debt is void and unenforceable. McNeal v. City of Waco,

89 Tex. 83, 33 S.W. 322; Case Threshing Mach. Co. v. Camp County, Tex.Civ.App., 218 S.W. 1; Stevenson v. Blake, Tex.Civ. App., 88 S.W.2d 773; Id., 131 Tex. 103, 113 S.W.2d 525; City of Terrell v. Dissaint, 71 Tex. 770, 9 S.W. 593.

Accepting the allegations of plaintiffs' petition as true, which we must do in the absence of a denial of same under oath by defendants and interveners, it becomes apparent that the trial court erred in not issuing the temporary injunction. Accordingly, the order refusing the temporary injunction will be reversed and the temporary injunction ordered issued as prayed for in plaintiffs' petition.

Supplemental Opinion.

In view of the fact that some confusion has arisen as to the extent of our holding and disposition of this cause in our original opinion, delivered November 13, 1940, we add the following supplemental opinion:

It is the order of this Court that this cause be remanded to the trial court, with instruction to issue the temporary injunction upon appellants' giving bond in such sum as may be determined by the trial court. The temporary injunction to be issued shall restrain appellees from paying out any money under the terms of the contract made and entered into by and between the Automatic Voting Machine Corporation of Jamestown, New York, and the Commissioners' Court of the County of Bexar, State of Texas, on May 17, 1940, pending a final disposition of this cause on its merits.

The temporary injunction heretofore issued by this Court herein shall be construed only as a temporary restraining order, restraining the Commissioners' Court from paying out any money under said contract, and shall terminate and become ineffective as soon as and when the trial court has issued the temporary injunction herein directed to be issued.

Appellants will file with the Clerk of this Court a bond for temporary restraining order in the sum of $1,000, payable to appellees, as required by law, within three days from the delivery of this supplemental opinion, or otherwise the restraining order heretofore issued out of this Court will become null and void and of no further force and effect.