

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

October 9, 1963

Honorable Henry Wade          Opinion No. C-156
District Attorney
Dallas County                Re:  Whether the County of Dallas may
Dallas, Texas                     hire professional services with-
                                  out advertising for bids and re-
Dear Mr. Wade:                    lated questions.

        You have requested an opinion from this office upon
the  following questions:

        "1.  May the County of Dallas hire professional
services without advertising for bids?

        "2.  May Dallas County contract for three years
for a professional service contract?

        "3.  Can the Commissioners' Court ratify the
action of the individual members and then assume the
obligation of paying for the services rendered and to
be rendered as they come due in the future?

        "4.  If No. 3 is answered in the negative, can
Dallas County pay on quantum meruit for the services
rendered?"

        These questions have arisen in connection with a series
of events which were set forth in your letter as follows:

        "In January of this year, a public spirited
benefactor contacted orally one or more members of
the Commissioners' Court individually, and in conver-
sation with said members agreed to beautify certain
county owned property by planting and maintaining
numerous trees on same. This individual undertook
this task on the erroneous assumption that the County
of Dallas had officially agreed to the planting of the
trees and that the County had assumed the  obligation
of maintaining same with a landscape architect to be
agreed upon by the parties.

        "Immediately thereafter, said trees were planted,
and the landscape architect commenced performing his
duties, under the assumption that he had a three year

-755-

contract in the sum of $2,000.00 per year, with
the County of Dallas, for his services. These
professional services include spraying, trimming,
replacing dead trees, watering and maintaining
the beauty of the location. He has now submitted
a statement for professional services rendered to
date."

In regard to your first question concerning whether
the County of Dallas may hire professional services without
advertising for bids, the provisions of Section 2 of Article
2368a, Vernon's Civil Statutes, should be noted, and the perti-
nent portions are set forth as follows:

"No county, acting through its Commissioners
Court . . . shall hereafter make any contract call-
ing for or requiring the expenditure or payment of
Two Thousand ($2,000.00) Dollars or more out of any
fund or funds . . . without first submitting such
proposed contract to competitive bids. . . . Pro-
vided, that in case of public calamity . . . this
provision shall not apply; and provided further,
that it shall not be applied to contracts for per-
sonal or professional services. . . ." (Emphasis
added).

In Attorney General's Opinion No. R-2315 (1951), this
office had before it the validity of a contract for engineering
services relating to county roads which was let by the Commis-
sioners' Court without competitive bids, and in such opinion it
is stated that:

". . . even before Article 2368 was superseded
by Article 2368a, which expressly provides that the
bidder requirements 'shall not be applied to contracts
for personal or professional services,' it was held
that contracts involving special skill and experience
were not within the contemplation of the statute re-
quiring competitive bids. . . .

". . . the engineering company has contracted to
perform services requiring technical skill and experi-
ence, - 'professional services.' We agree with the
opinion . . . that the contract in question calls for
professional services requiring technical skill and
experience, that it does not fall within the competi-
tive bid provisions of the law, and that, as such, it
is expressly excepted from the competitive bid require-
ments of Article 2368a."

See also, <u>Gulf Bitulithic Co. v. Nueces County</u>, 11 S.W.2d 305 (Tex.Comm.App. 1928); <u>Hunter v. Whiteaker</u>, 230 S.W. 1096 (Tex.Civ.App. 1921, error ref.); <u>Stephens County v. McCammon</u>, 40 S.W.2d 67 (Tex.Comm.App. 1931); <u>Stephens County v. J. N. McCammon, Inc.</u>, 122 Tex. 148, 52 S.W.2d 53 (1932); <u>Tackett v. Middleton</u>, 280 S.W. 563 (Tex.Comm.App. 1926). The first two cases pertain to personal services requiring special skill and experience and the last three cases pertain to professional architectural services.

The services to be performed in the posed situation, if they are not to be considered professional services, are certainly personal services requiring special skill and experience, and consequently would be the type of services exempted from the competitive bid provisions of Article 2368a.

In connection with your second question concerning whether Dallas County may enter into a three year contract for professional services, attention should be called to certain provisions contained in Section 7 of Article XI of the Constitution of Texas which provide that:

"... no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund; ..."

The term "debt" as used in the above quoted constitutional provision has been uniformly held by the courts of this State to mean any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within the immediate control of the city or county. See, <u>Stevenson v. Blake</u>, 131 Tex. 103, 113 S.W.2d 525 (1938); <u>Bexar County v. Hatley</u>, 136 Tex. 354, 150 S.W.2d 980 (1941); <u>McNeill v. City of Waco</u>, 89 Tex. 83, 33 S.W. 322 (1895); <u>Foard County v. Sandifer</u>, 105 Tex. 420, 151 S.W. 523 (1912); Attorney General's Opinion No. V-1556 (1952).

In the case of <u>Stevenson v. Blake</u>, 88 S.W.2d 773 (Tex.Civ.App. 1935), affirmed in <u>Stevenson v. Blake</u>, 131 Tex. 103, 113 S.W.2d 525 (1938), the Commissioners' Court had entered into a contract with certain attorneys and pursuant to such contract the attorneys were to perform certain duties for which they were to be compensated $3,000.00. This sum was to

be paid in three installments.  The first installment of $1,000.00 was due shortly after the making of the contract in July of 1935; the second installment of $1,000.00 was due in February of 1936; and the balance upon completion of the contemplated litigation.

The court in <u>Stevenson v. Blake</u>, 88 S.W.2d 733 (Tex. Civ.App. 1935), in holding the contract invalid as being in contravention of the constitutional restriction found in Section 7 of Article XI of the Constitution of Texas stated that:

> ". . . the validity of such contract is determinable by the good-faith intention of the parties, at the time of contracting, as to whether the county's obligation is, upon the one hand, to be paid out of unappropriated revenues then in hand or to be collected during the year of the contract, and lawfully available for the purpose, or, upon the other hand, out of revenues to be collected after the termination of that fiscal year.  In the first case, the contract does not contravene the constitutional limitation; in the second, it does."

As the contract in the instant situation calls for annual payments over a period of three years, and would not be payable solely out of current revenues, we are of the opinion that such a contract would be invalid unless the constitutional restrictions found in Section 7 of Article XI of the Constitution had first been complied with.

In regard to your question concerning whether the Commissioners' Court can ratify the action of the individual members and then assume the obligation of paying for the services rendered and to be rendered as they become due in the future, it is stated in 15 Tex.Jur.2d, <u>Counties</u>, Section 96, page 322, that:

> "A contract the commissioners' court has authority to make may be binding by virtue of subsequent acts of the court, although the agent making it had no authority to enter into it.  Thus where the commissioners' court, with knowledge of the lack of authority of an agent to enter into a contract, elects to accept its benefits, it thereby ratifies the contract and the county is estopped to deny its validity. . . ."

See also, <u>Gussett v. Nueces County</u>, 235 S.W. 857 (Tex.Comm.App. 1921); <u>Morrison v. Kohler</u>, 207 S.W.2d 951 (Tex.Civ.App. 1948, error ref. n.r.e.).

In view of the foregoing authority, we are of the opinion that the Commissioners' Court could ratify the action of individual members of the Commissioners' Court if the contract so ratified is one which the Commissioners' Court had authority to make and which was not in excess of the powers of the Commissioners' Court.

Your third question being answered in the affirmative, it becomes unnecessary to answer your fourth question.

## SUMMARY

The County of Dallas may hire professional services without advertising for bids. The competitive bid provisions of Article 2368a, Vernon's Civil Statutes, exempt professional and personal services requiring technical skill and experience.

A professional service contract extending over a period of three years and not payable out of current revenues would be invalid unless the provisions of Section 7 of Article XI of the Constitution of Texas were first complied with.

The Commissioners Court may ratify the action cf the individual members of the Commissioners' Court if the contract so ratified is one which the Commissioners' Court had authority to make and which was not in excess of the powers of the Commissioners' Court.

Yours very truly,

WAGGONER CARR
Attorney General

By _____
Pat Bailey
Assistant

PB:wb

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Faul Phy
William Allen
H. Grady Chandler
APPROVED FOR THE ATTORNEY GENERAL
EY:  Stanton Stone