

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 20, 1964

Honorable Doug Crouch                     Opinion No. C-246
Criminal District Attorney
Tarrant County Courthouse                 Re: Questions relating to
Fort Worth, Texas                             responsibility for and
                                              authority over indigent
Dear Mr. Crouch:                              aged county residents.

     You have requested an opinion from this office upon
the following questions:

     "1.  Who is charged with the responsibility
of providing for the indigent aged of Tarrant
County?

     "2.  Who is responsible for the supervision
of the Tarrant County Home for Aged, a county
owned and operated residential institution for
aged and convalescent persons.

     "3.  Can the Commissioners Court and/or
Juvenile Board of Tarrant County lease to any
private individual or corporation, county owned
property for the purpose of that individual or
corporation upon which to build a convalescent
home for the aged?

     "4.  Can the Commissioners Court and/or
Juvenile Board of Tarrant County contract with
any individual or corporation for a period of
time in excess of two years for the care of
the indigent aged?

     "5.  Can the Commissioners Court and/or
Juvenile Board of Tarrant County contract with
an individual or corporation for the care of
indigent aged and guarantee in that contract
to pay for a greater number of people than
those actually being cared for by the individual

or corporation (Eg. A flat guarantee of 100
residents per month with only 75 persons ac-
tually receiving care.)

"6. Can the Commissioners Court and/or
Juvenile Board of Tarrant County contract
with any individual or corporation to care
for the indigent aged in a private facility
at an agreed rate per patient or resident
receiving care.

"7. Can the county agency or department
assigned the responsibility for the care of
the indigent aged arrange without a /written/
contract for the care and residence of those
indigent aged wards in existing convalescent
homes, boarding homes, or hospitals.

"8. Does the Commissioners Court or the
Juvenile Board make the determination as to
whether or not the county should continue to
care for indigent aged persons in a county
home or whether such persons should be placed
with private institutions at county expense?"

Your first and second questions can be answered
together. Under the provisions of Section 11, Article 2351,
Vernon's Civil Statutes, the Commissioners' Court has the duty
to:

"11. Provide for the support of paupers
and such idiots and lunatics as cannot be ad-
mitted into the lunatic asylum, residents of
their county, who are unable to support them-
selves. . . ."

While it is true that the Commissioners' Court is a
court of limited jurisdiction, it is also true that where a
duty is imposed or a power conferred by statute upon a commis-
sioners court within the boundaries of power which the Consti-
tution has created, then the commissioners court has implied
authority to exercise broad discretion to accomplish purposes
intended by such statute. El Paso County v. Elam, 106 S.W.2d
393 (Tex.Civ.App. 1937); Dodson v. Marshall, 118 S.W.2d 621
(Tex.Civ.App. 1938, error dism.); Anderson v. Wood, 137 Tex.
201, 152 S.W.2d 1084 (1941).

Under the provisions of Section 11, Article 2351,
a duty to provide for the support of paupers, which includes
the indigent aged, is imposed upon the Commissioners Court.

The answer to the second question also is that the Commissioners Court, rather than the Juvenile Board, is responsible for the supervision of the Tarrant County Home for the Aged.

In regard to your third question, you directed our attention to Section 19(d), Article 2351, Vernon's Civil Statutes, which is as follows:

"19(d). Counties are expressly authorized and empowered to lease or rent any lands, housing, or facilities acquired by them pursuant to this Act and to establish and revise the rent or charges therefor. . . ."

If the particular property was acquired pursuant to Section 19(a), Article 2351, Vernon's Civil Statutes, then we answer your question in the affirmative.

In connection with your fourth question, certain provisions in Section 7 of Article XI of the Constitution of Texas, provides that:

". . .no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund. . . ."

The term "debt" as used in the above quoted constitutional provision has been uniformly held by the courts of this State "to mean any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the corporation." Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525 (1938); Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980 (1941); Attorney General's Opinion No. V-1556 (1952).

In Stevenson v. Blake, 88 S.W.2d 773 (Tex.Civ.App. 1935), affirmed in Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525 (1938), the commissioners court had contracted with certain attorneys whereby the attorneys were to be paid in installments over a period in excess of a year. The Court, in holding the contract invalid as being in contravention of Section 7 of Article XI of the State Constitution, stated that:

> ". . .the validity of such contract is
> determinable by the good-faith intention of
> the parties, at the time of contracting, as
> to whether the county's obligation is, upon
> the one hand, to be paid out of unappropriated
> revenues then in hand or to be collected during
> the year of the contract and lawfully available
> for the purpose, or, upon the other hand, out
> of revenues to be collected after the termina-
> tion of that fiscal year.  In the first case,
> the contract does not contravene the constitu-
> tional limitation; in the second it does."

The proposed contract unless payable out of current
revenues for the current year would be invalid unless the
constitutional requirements found in Section 7, Article XI of
the Constitution, has first been complied with.

Your fifth question concerns a contractual agreement
by Tarrant County to pay for a guaranteed minimum number of
people, which may be more than those actually receiving care.

By Section 3 of Article XI of the Constitution of
Texas, a county is enjoined from becoming a subscriber to the
capital of any private corporation or association or making
any appropriation or donation or loaning its credit to same.
Thus, the commissioners courts may not dispose of county property
so as to amount virtually to a donation.  Llano County v. Knowles,
29 S.W. 549 (Tex.Civ.App. 1895).  Although a minimum guarantee
by Tarrant County would undoubtedly be a desirable contractual
feature in the eyes of the other contracting party, we are of
the opinion that the funds paid for those individuals not actually
receiving care would amount to a donation by Tarrant County.  As
such, it would violate Section 3, Article XI of the Constitution
of Texas.  We therefore answer your fifth question in the negative.

Somewhat similar to the preceding question, your
sixth question also concerns the contractual power and authority
of the Commissioners Court of Tarrant County.  As stated in an-
swering your first question, where a duty is imposed or a power
conferred upon a commissioners court, then the commissioners
court has implied authority to exercise broad discretion to ac-
complish the purposes intended.  When the commissioners courts
were expressly given the power and duty "to provide for the
support of paupers," by necessary implication they were clothed
with the authority to do all the incidental things necessary to
provide for their support.  Thus, while the commissioners court
is not under a duty to place indigents in a private facility and
pay for their care, Willacy County v. Valley Baptist Hospital,

29 S.W.2d 456 (Tex.Civ.App. 1930), it can, in the exercise of its discretion, provide for the care of indigents whom it places in a private facility. Here, of course, the contractual terms must not be such as to amount to a donation by the County to the individual or corporation providing the care, nor can the contract provide for payments by the County out of future revenues.

Therefore, your sixth question is answered in the affirmative.

To answer your seventh question, we must determine whether it is within the authority of the Commissioners Court to arrange, without a written contract, for the care of the indigent aged now in existing convalescent homes or hospitals. It has been held that the county is liable for the reasonable value of services received under an implied contract, or when the contract actually made was void, as long as it was within the authority of the commissioners court to make the contract sought to be implied. Harris County v. Neville, 84 S.W.2d 834 (Tex. Civ.App. 1935); Aldrich v. Dallas County, 167 S.W.2d 560 (Tex. Civ.App. 1942, error dism.).

Thus, is it within the Tarrant County Commissioners Court's authority to arrange for this care without a written contract. First, as noted in our answer to your previous question, when the commissioners courts were expressly given the power and duty "to provide for the support of paupers," by necessary implication they were clothed with the authority to do all the incidental things necessary to provide for their support. So long as the indigents are residents of Tarrant County and unable to support themselves, the commissioners court is given the duty to provide for their support. Whether this provision of support is agreed upon by written contract, or whether it is arranged without a written contract, seems to have no bearing on the question of authority. It is our opinion that it is within the authority of the Tarrant County Commissioners Court, under Section 11, Article 2351, to arrange without a written contract for the care and residence of those aged indigents now in existing convalescent homes or hospitals.

In answer to your last question, the Commissioners Court makes the determination as to whether the county should continue to care for indigent aged persons in a county home or whether such persons should be placed with private institutions at county expense. The court has the implied power to exercise its discretion as to the means to be employed in providing for the support of its indigent aged. Attorney General's Opinion O-2217 (1940).

## S U M M A R Y

(1)   The Tarrant County Commissioners Court is responsible for providing for the indigent aged of Tarrant County.  Further, the Tarrant County Commissioners Court is responsible for the supervision of the Tarrant County Home for Aged.

(2)   The Tarrant County Commissioners Court can lease to a private individual or corporation, county owned property upon which the individual or corporation is to build a convalescent home if the particular property was acquired pursuant to Section 19(a), Article 2351, Vernon's Civil Statutes.

(3)   The Commissioners Court cannot contract with an individual or corporation for longer than a year unless the constitutional requirements in Section 7, Article XI of the Constitution are first complied with.

(4)   The Commissioners Court cannot guarantee in a contract to pay for a greater number of persons than those actually being cared for by the individual or corporation.

(5)   The Commissioners Court can contract with an individual or corporation to care for the indigent aged in a private facility at an agreed rate per patient receiving care.

(6)   The Commissioners Court can arrange without a written contract for the care and residence of those indigent wards in existing convalescent homes or hospitals.

(7)   The Commissioners Court makes the determination as to whether the county should continue to care for indigent aged persons in a county home or whether such persons should be placed with private institutions at county expense.

Very truly yours,

WAGGONER CARR
Attorney General

By: *E. Lawrence Merriman*

E. Lawrence Merriman
Assistant

ELM:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Gordon Appleman
Arthur Sandlin
Frank Booth

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone