

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 1, 1966

Honorable James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. C-701

Re: Constitutionality of
Sections 1-3 of Article
7044a, Vernon's Civil
Statutes, in view of
Section 9 of Article
8 of the Texas Consti-
tution.

Dear Mr. Barlow:

By a recent letter to this office you have requested
an opinion in regard to the above matter. We quote from your
letter as follows:

"Our contention that art. 7044a, secs.
1-3 is unconstitutional is therefore based
strictly upon the language of the constitution
. . .I do not see how a commissioners court
can levy an annual tax rate and then have that
same tax rate in effect for an indeterminate
number of years simply because it did not see
fit to levy the annual tax rate before July
20th of each year.

"Also, . . .there is the question of im-
pairment of contract as to the amount of the
tax rate, in view of the fact that taxes levied
to retire bond issues must be recalculated each
year even though the original tax was levied at
the time of the bond sale. . . ."

Article 7044a, Vernon's Civil Statutes, which became
effective June 9, 1965, is quoted, in part, as follows:

"Section 1. From and after January 1,
1966, all taxing authorities which use the
services of the county tax assessor-collector,
either to assess or collect taxes for such
taxing authority, shall, on or before July
20 of each year, notify the county tax assessor-
collector whose services are to be used by the

-3379-

taxing authority of the tax rate for the
succeeding taxable year adopted by the taxing
authority.

"Sec. 2. In the event any taxing au-
thority . . .fails to notify the county tax
assessor-collector of the tax rate adopted
by the taxing authority, prior to July 20,
. . .the tax rate for the succeeding year
shall be the tax rate for the preceding year,
. . .and in no event shall a new tax rate be
in force and effect unless notification of
such tax rate is furnished the county tax
assessor-collector prior to July 20 of each
year.

"Sec. 3. In compiling the tax roll for
a taxing authority . . .the county tax assessor-
collector shall use the rate furnished him by
the taxing authority prior to July 20 of each
year or in the event the county tax assessor-
collector has not been furnished a new tax
rate, the county tax assessor-collector shall
use the tax rate adopted for the preceding
taxable year by the taxing authority.

"Sec. 4. The fact that there is no dead-
line for various taxing authorities (other than
the State of Texas) to adopt a tax rate, causing
undue delay for the county tax assessor-collector
. . ."

Clearly, it was the intention of the Legislature, in
enacting Article 7044a, Vernon's Civil Statutes, to require that
all taxing authorities using the office of the county tax assessor-
collector place their tax rate, to be used for the succeeding year,
in the hands of the assessor-collector by July 20. The State
Comptroller is presently required to notify the local assessors
of its rate for State taxes by this date (July 20). Article
7042-7044, Vernon's Civil Statutes.

In many of the counties of this State, the county
tax assessor-collector serves as assessor and collector for
many different taxing authorities in addition to the county.
The new statute, Article 7044a, applies to all of these taxing
authorities. Attorney General's Opinion No. C-647 (1966).

Prior to the enactment of Article 7044a, Vernon's
Civil Statutes, the time for setting the tax rate by the com-
missioners court was controlled by Article 7045, Vernon's Civil

Hon. James E. Barlow, page 3   (C-701)


Statutes, which is quoted as follows:

> "The commissioners courts of the several
> counties, all the members thereof being present,
> at either a regular or special session, <u>may at
> any time after the tax assessors of their res-
> pective counties have forwarded to the comptroller
> the said certificate and prior to the time when
> the tax collector of such county shall have begun
> to make out his receipts,</u> calculate the rate and
> adjust the taxes levied in their respective counties
> for general purposes to the taxable values shown by
> the assessment rolls." (Emphasis added)

Under the above quoted article the counties had from
the time that the tax roll was certified to the State Comptroller
(July 15th) until the tax collector started his collecting (October
1st) to set the tax rate. Under the new article (7044a) the county
must determine its rate and notify the tax assessor-collector by
July 20th or the tax assessor-collector shall use the rate set
by the county for the year before.

Without a doubt the Legislature may change the time
for setting the county tax rate. "Subject to the limitation as
to rate as prescribed in Section 9 of Article VIII, Vernon's
Texas Constitution, the Legislature, under its general law making
power, has the authority to regulate all matters pertaining to
the levying and assessing of the annual ad valorem taxes, for
general county purposes, and to prescribe the time for their
payment." <u>Stevenson v. Blake</u>, 131 Tex. 103, 113 S.W.2d 525 (1938).

Section 9 of Article VIII, Vernon's Texas Constitution,
is quoted, in part, as follows:

> ". . .and no county, city or town shall
> levy a tax rate in excess of Eighty Cents (80¢)
> on the One Hundred Dollars ($100) valuation;
> . . .provided further that at the time the
> Commissioners Court meets to levy the annual
> tax rate for each county it shall levy whatever
> tax rate may be needed for the four (4) constitu-
> tional purposes; . . .Once the court has levied
> the annual tax rate, the same shall remain in
> force and effect during that taxable year; . . ."

No one would doubt that the above constitutional
article does not prevent a commissioners court from using the
same tax rate year after year if such rate is satisfactory to
pay the county obligations. The Tax Assessor-Collector has no

authority to make a tax levy. The law requires the Commissioners Court to make a levy of the taxes in order for the taxes to be valid. If the Court does not, before July 20, set a tax rate, then the Tax Assessor-Collector uses the tax rate of the preceding year, and the Court would thereafter have to make a tax levy. Victory v. State, 138 Tex. 285, 158 S.W.2d 760 (1942); 54 Tex.Jur.2d, Sec. 42, page 169. Therefore, it is our opinion that Article 7044a is not unconstitutional as violating Section 9 of Article VIII, Vernon's Texas Constitution, due to the fact that the commissioners court must set its tax rate by July 20 of each year or use the rate adopted previously by the court.

Under the law prior to Article 7044a, Vernon's Civil Statutes, a recalculation of the tax rate necessary to retire bond issues was made within the time limit set down by the terms of Article 7045 (quoted above). All that Article 7044a would require is that the recalculation be taken into consideration prior to July 20 of each year. "Obligation of contracts is not impaired within meaning of the Constitution (Sec. 16 of Art. I, Vernon's Texas Constitution) unless the value of the contract has been lessened by the law complained of. Preston v. Anderson County Levee Improvement Dist. No. 2, 261 S.W. 1077 (Tex.Civ.App. 1924, error ref.). Therefore, it is our opinion that Article 7044a does not impair the obligation of contracts. Section 16 of Article I, Vernon's Texas Constitution.

### SUMMARY

Article 7044a, Vernon's Civil Statutes, is not unconstitutional as violating Section 9 of Article VIII, Vernon's Texas Constitution, due to the fact that the Commissioners Court must set its tax rate by July 20 of each year or use the tax rate previously adopted by the Court.

Article 7044a, Vernon's Civil Statutes, is not unconstitutional as impairing the obligation of contracts under Section 16 of Article I, Vernon's Texas Constitution.

Very truly yours,

WAGGONER CARR
Attorney General

By James C McCoy

James C. McCoy
Assistant

JCMcC:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
John Banks
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright