Office of the Attorney General · State of Texas
JOHN CORNYN

November 16, 1999

The Honorable Homero Ramirez
Webb County Attorney
P.O. Box 420268
Laredo, Texas 78042-0268

Opinion No. JC-0147

Re: Effective date of salary increases for county officers and employees (RQ-0050-JC)

Dear Mr. Ramirez:

You tell us that Webb County's 1998-1999 fiscal year began on October 1, 1998. The budget for the fiscal year was not adopted, however, until October 13, 1998. You ask whether salary increases for Webb County officers and employees became effective on and payable from October 1, when the fiscal year began, or on October 13, when the budget for the fiscal year was adopted by the commissioners court. For the reasons set forth below, we conclude that the county incurred the obligation to pay the salary increases, and therefore such increases became effective, when the budget was formally adopted on October 13.

With certain exceptions, the commissioners court sets the salary of each county officer and employee paid wholly from county funds. TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). (We assume it is these types of employees and officers about which you ask.) The salary of a county officer or employee may be increased or decreased only by amending the budget or adopting a new budget. *See id.* §§ 111.010, 152.013(a); Tex. Att'y Gen. Op. No. JM-1268 (1990). The salaries of employees and non-elected county officers may be changed by a budget amendment at any time, *see* Tex. Att'y Gen. Op. No. JM-326 (1985) at 3-4, while the salaries of elected officers may be changed only once a year, "during the regular budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 1999). You tell us that no amendment of the prior year's budget was made. Thus, the setting of all the salaries or salary increases about which you ask is strictly tied to the county's annual budget process.

County authority to expend county funds in the absence of a budget is restricted. *See id.* § 111.003 (requiring a budget for each fiscal year). "After final approval of the budget, the commissioners court may spend county funds only in strict compliance with the budget, except in an emergency." *Id.* § 111.010. We gather that the county does not seek an expenditure in excess of the budget for salary increases on the basis of an emergency. Accordingly, the question you ask depends on whether Webb County may effectuate a salary increase for county officers and employees before finally approving the budget.

A county commissioners court may not grant salary increases to county employees or non-elected county officials without amending the budget, and may not grant salary increases to elected county officials outside of the annual budget adoption procedure. *See id.* § 152.013(a); Tex. Att'y Gen. Op. No. JM-1268 (1990). The budget statute applicable to Webb County sets out detailed procedures that must be complied with before public funds can be spent. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.003-.010 (Vernon 1999). After the county judge has prepared the budget, a copy of the budget must be filed with the county clerk and be made available for inspection by any taxpayer. *Id.* § 111.006. The commissioners court must hold a public hearing, which any county taxpayer may attend and in which taxpayers may participate. *Id.* § 111.007(a). At the conclusion of the public hearing, the commissioners court must take action on the proposed budget, with any changes it considers prudent. *Id.* § 111.008. On final approval of the budget by the commissioners court, the court must file the budget with the county clerk. *Id.* § 111.009. Only upon final approval may the county levy taxes and spend funds in accordance with the budget. *Id.* § 111.010. This process allows public scrutiny of proposed expenditures and promotes government accountability to the taxpayers before tax revenues may be committed. The process recognizes "that tax paying citizens have a vital interest in the appropriation and expenditure of public funds." Tex. Att'y Gen. Op. No. V-103 (1947) at 3. To permit salary changes to the budget to be effective before final action by the commissioners court subverts this process, reduces government accountability, and inhibits taxpayers' rights to participate in the process of spending public funds.

Our conclusion that the obligation to pay salary increases were incurred and effective as of the date of final adoption of the budget is confirmed by other salary related provisions applicable to elected county officers. As we have said, the salaries of elected county officers must be set "at a regular meeting of the court during the regular budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 1999). The adoption of the budget triggers the salary grievance procedure available to elected county officers. *See* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4. "Before filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999). Any officer who is dissatisfied with the budgeted salary may appeal to a grievance committee. *Id.* § 152.016(a). If the grievance committee recommends a salary increase, "the commissioners court shall include the increase in the budget before the budget is filed and the increase takes effect in the next budget year." *Id.* § 152.016(c).

Sections 111.035 and 111.064 of the Local Government Code permit some counties to make certain expenditures in the absence of a budget: "Until a budget for a fiscal year is adopted by the commissioners court, the county may not make payments during that fiscal year except for emergencies and for *obligations legally incurred before the first day* of the fiscal year for salaries, utilities, materials, and supplies." *Id.* § 111.035 (emphasis added); *see also id.* § 111.064. Section 111.035 applies only to a county with a population of 225,000 or more, *see id.* § 111.031, and section 111.064 applies to a county with a population of 125,000 or more but only if the county chooses to operate under the budget provisions of subchapter C of chapter 111 of the Local Government Code, *see id.* § 111.061.

These statutes permit some counties to expend funds during an interim period after one budget has expired and before the next has been adopted only for emergencies or for obligations "legally incurred before the first day of the fiscal year." *Id.* §§ 111.035, .064. A budget amendment adopted before the fiscal year end increasing salaries would be an obligation "legally incurred before the first day of the fiscal year." *Id.* 111.035, .064. However, because the salary increases you ask about are tied to the adoption of a new budget, and, as we have said, the obligation for salary increases under the new budget is not incurred until the budget is approved, in this instance after the first day of the new fiscal year, these statutes are not pertinent. Moreover, sections 111.035 and 111.064 do not apply to Webb County. Webb County does not have a population of 225,000 or more, and though its population is more than 125,000, you tell us that it has chosen to operate under the budget provisions of subchapter A of the Local Government Code rather than subchapter C.

We do not mean to suggest that in the absence of express statutory authority to expend funds, a county may never be found liable for obligations incurred during a budget interim or lapse. "It is the established law in this state that counties and municipalities will not be permitted to accept and utilize property or services and evade the payment of a reasonable compensation therefor, because of an alleged technical defect in their procurement." *Waller County v. Freelove,* 210 S.W.2d 602, 604-05 (Tex. Civ. App.–Galveston 1948, writ ref'd n.r.e.) (holding county liable for architect's fees even though budget did not provide for expenditure for fees); *Harris County v. Neville,* 84 S.W.2d 834 (Tex. Civ. App.–Beaumont 1935, no writ) (holding county liable for deputy sheriff's salary for services performed in absence of budget appropriation but with knowledge and acceptance of commissioners court). While an employee or officer may sue to recover unpaid salary under a quantum meruit theory of liability, such an action is but a common law remedy for contract claims and does not speak to the effective date of salary increases adopted as part of the county's budget process.

We also conclude that a salary increase adopted on October 13 may not be made retroactive to October 1, the beginning of the fiscal year. Since the obligations were not incurred until the budget was approved on October 13, payments dating from October 1 would constitute additional payments for work already performed in violation of article III, section 53 of the Texas Constitution. Article III, section 53 provides that "[t]he Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part." TEX. CONST. art. III, § 53. The effect of this provision is that a salary increase authorized by a commissioners court must operate prospectively from the time of the authorization. *See Pierson v. Galveston County,* 131 S.W.2d 27, 29 (Tex. Civ. App.–Austin 1939, no writ); Tex. Att'y Gen. Op. Nos. JM-1113 (1989) at 2-3; H-11 (1973) at 4.

For example, in Attorney General Opinion JM-1113, this office considered whether employee pay raises authorized by a commissioners court in the middle of a budget year could be made retroactive to the beginning of the budget year. Tex. Att'y Gen. Op. No. JM-1113 (1989) at 1-2. Funds had been budgeted for raises when the budget was approved, but the particular raises themselves were not approved until several months later in the budget year. This office concluded

that article III, section 53 prohibited the county from making the pay raises retroactive to the beginning of the budget year. *Id.* at 2-3.

Accordingly, we conclude that salary increases for county officers and employees may be paid only from the time a budget providing for the increases is finally approved by the commissioners court. The Webb County salary increases about which you ask became payable on October 13, when the budget for the new fiscal year was adopted.

## S U M M A R Y

When a county budget is not approved by the commissioners court until after the beginning of the fiscal year, salary increases for county and precinct officers and employees do not go into effect until the budget is approved.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee